MILLEYSENT B. HORTON *vs.* WILLIAM G. HORTON.

JUNE 12, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is a bill in equity brought in the Superior Court for the construction of the will of Lorenzo T. Horton. The case was certified to this court pursuant to the provisions of § 4968, G. L. 1923, and was heard on the respondent's motion based on the following grounds to remand the cause to the Superior Court: (1) Because said court failed to make a finding as to all issues of fact; (2) Because the bill is one "to remove a cloud to title and not a bill for the construction of a will." The cause was at the same time heard on the question as to the construction of said will. On March 27, 1922, when the will was executed, there was pending in the Superior Court for the counties of Providence and Bristol a bill in equity brought by Lorenzo T. Horton, the testator, against his son William, the respondent, to compel the son to reconvey to the father certain real estate. Before said bill was heard on the merits the father deceased. The testator by his will devised and bequeathed all of his property to his wife, the complainant, and made no mention of his son William. After said will was probated the complainant as executrix thereof attempted to prosecute said bill but was met by the contention that William by reason of not being mentioned in his father's will inherited by virtue of Section 22, Chap. 298 and Section 1, Chap. 367, Gen. Laws, 1923, as sole heir at law, all of his father's real estate, if any he had, and that the complainant by reason thereof took nothing under the will and had no interest in the subject matter of the bill of complaint brought by her husband. The complainant then brought this bill

for the construction of said will. The bill and answer raise the question whether the omission of the testator to make by his will any provision for his son William was intentional and not occasioned by accident or mistake.

Should the cause be remanded to the Superior Court in accordance with the respondent's motion? The respondent complains because the justice below failed to make a finding on the issues: (1) Whether the testator died seized and possessed in his own right of any real estate of inheritance; (2) Whether he died leaving any personal estate remaining to be administered. When the complainant attempted to prosecute the bill in equity brought by her husband to compel this respondent to reconvey certain real estate she was met with the contention that it did not appear that the testator's omission to provide for William was intentional and that therefore he as sole heir at law inherited by virtue of said Sections 22 and 1 any interest which his father may have had at the time of his decease in the real estate in question, and now the respondent objects to proceeding further in this case because it does not appear that the testator at the time of his decease owned the real estate in question or any other estate which could pass under his will. Consequently the respondent argues that the bill presents only a mooted question. The respondent's contention appears to be that the complainant is not entitled to proceed further in either case until the other has been concluded favorably to her. If the testator's failure to provide for William was intentional any right which the testator had at the time of his decease in the property in question passed under his will to the complainant and she is entitled, provided the case is properly before us, to have the will construed regardless of the fact that she may never come into enjoyment of said property. The court below did fail to make a finding as to certain issues. Said court refused to find (1) whether the testator died seized and possessed in his own right of any real estate; (2) whether he died leaving any personal property remaining to be administered. If

the bill before us is one for the construction of a will it would be immaterial if said justice had made no findings of fact. The provisions of said § 4968, pursuant to which the case was certified to this court, do not require the Superior Court to make findings of fact when the bill is one for the construction of or for instructions relative to a will or trust deed. Said § 4968 provides that the Superior Court shall certify to this court for determination all bills in equity for construction of or for instructions relative to any will or trust deed "whenever and as soon as any such cause is ready for hearing for final decree, and may, after hearing any other cause for final decree, certify such cause for the determination of the supreme court." The respondent contends that the bill before us is not one for the construction of a will, which must be certified when the cause is ready for hearing for final decree, but a bill to remove a cloud from a title and consequently that there is no authority for certifying the cause until "after hearing" for final decree, that is, not until after the issues of fact are determined by the Superior Court. *Morris* v. *Morris*, 43 R. I. 161; *Restino* v. *Tafuri*, 43 R. I. 156. Said § 4968, after specifying when certain bills relative to wills and trust deeds shall be certified provides that the Superior Court "may, after hearing any other cause for final decree, certify such cause for the determination of the supreme court." We think the bill is one primarily for the construction of a will and not to remove a cloud on a title and the order of certification shows that the Superior Court so regarded the cause. The bill does contain a prayer that the cloud on the title of said real estate be removed but the bill also prays for a construction of the will and the only way in which the cloud can be removed is by a construction of the will. The prayer for removal of cloud on title should be treated as surplusage and the cause considered as one merely for the construction of a will. The respondent's motion to remand the cause to the Superior Court is denied.

Said Section 22 provides: "When a testator omits to provide in his will for any of his children or for the issue of

a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake." Was the omission of the testator to provide for his son William intentional or was said omission due to accident or mistake? The intention need not appear in the will but may be shown by parol evidence. The evidence is admitted for the purpose of supporting the will and not to vary its terms. *In re O'Connor*, 21 R. I. 465; *Jenks* v. *Jenks*, 27 R. I. 40. The statute operates when and only when the will can not be supported by evidence showing that the testator meant what he said when he disposed of his property by will and omitted to provide for one of his children or the issue of a deceased child. *Inman* v. *Inman*, 45 R. I. 206. Said justice who heard the cause below was not required to determine the issues before certifying the cause to this court. He did, nevertheless, at the request of the parties make certain findings of fact and found on the evidence that the omission to provide for William was intentional. It is our duty to make a new finding and our finding accords with that of said justice.

The parties may on June 22, 1925, present for our approval a form of decree to be entered in the Superior Court.

*Gardner, Moss & Haslam*, for complainant.
*W. Louis Frost*, for respondent.