R. I. HOSPITAL TRUST CO., EX'R. *vs.* EDWARD GEORGE
HAIL *et al.*

JULY 2, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Statute Taken from Another State.   Construction.*

Where a provision is taken from the statute of another State it must be presumed that it was adopted in view of the construction placed upon it by the courts of the foreign State.

*(2)   Wills.   Child Born after Death of Testator.   Omission to Provide.*

G. L. 1923, cap. 298, § 22, provides that "when a testator omits to provide in his will for any of his children  :  .  .  they shall take the same share of his estate that they would have been, entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

*Held,* that the statute applied to children born after the execution, as well as to those in being when the will was executed.

*(3)   Wills.   Omission to Provide for Child.   Presumptions.   Evidence.*

Where there is nothing to show that testator's failure to provide for his child was intentional, by force of the statute (G. L. 1923, cap. 298, § 22), it is presumed the omission was unintentional and occasioned by accident and .mistake.   Parol evidence as to testator's intention is admissible.

*(4)   Wills.   Omission to Provide for Child.   Marshaling of Personal Estate.*

On the question .of marshaling the assets of an estate to provide for a child of testator omitted from the will; it appearing that the net residuary personal estate was more than sufficient to supply an amount equal in value to the estate, both real and personal which the child would have taken if his parent had died intestate.

*Held*, that real estate in a foreign State was exonerated from contributing since the devolution of such real estate was governed by the law of that State, and it could not be controlled by Gen. Laws 1923, cap. 298, § 22.

(5)   *Wills.   Omission to Provide for Child.   Marshaling of Estate.   Specific Devises and Bequests.*

Gen. Laws, cap. 298, § 24, relating to a child omitted from the will of his parent, provides for the exoneration of specific devises and bequests.

(6)   *Wills.   Residue of Real Estate.   Marshaling of Estate.   Omission to Provide for Child.*

On the question of contributing for the benefit of a child omitted from will of his parent, a residue of real estate although a general and not a specific devise, is not obliged to contribute, where it was not included in a general residuary devise and bequest of testator's residuary estate.

(7)   *Wills.   Marshaling of Assets.   Omission to Provide for Child.   Life Interest of Widow in Residuary Personal Estate.*

On the question of contributing for the benefit of a child omitted from will of his parent, where the widow accepted the provisions of the will in lieu of dower, and a life interest in the residuary personal estate was one of the provisions for her, since such life interest is in only what remains after all obligations constituting charges against the estate have been paid and the share due the child is such a charge, the share due the pretermitted child should be taken from the residuary personal estate.

(8)   *Wills.   Omission to Provide for Child.   Dower.*

Where a pretermitted child was entitled in addition to his share of the personal estate, to all the real estate subject to the widow's dower, for the purpose of awarding the child personal property the equivalent of the value of the real estate subject to the dower interest after his two-thirds interest has been paid him, the trustee under the will is instructed to hold during the life of the widow one-third of the personalty which stands in the place of the real estate and on her death deliver the principal to the child or his representatives.

BILL IN EQUITY for instructions.

RATHBUN, J.   This is a suit in equity brought in the Superior Court by the executor of the will of Edward L. Hail, late of Providence, deceased.   The prayer of the bill is for instructions relative to the distribution of the personal estate in the hands of the complainant.   The questions are (1) whether the testator's only child, Edward George Hail, for whom no provision is made in said will, is entitled to share in the estate under the provisions of Sec. 22, Chap. 298, G. L. 1923;   (2) if he is so entitled, to what extent his share should be taken from the testator's personal estate and how

the complainant should marshal the personal estate for the purpose of providing that share. Said Edward G. Hail, The Rhode Island Hospital Trust Company, as guardian of his estate, the devisees and legatees under the will, said Trust Company, as trustee under the will of the testator's residuary estate, and the beneficiaries under the trusts of the residuary estate have been made parties respondent. The respondents who are *non sui juris* are represented by a guardian *ad litem;* and a representative of the contingent interests of persons not in being or not ascertainable whose interests may be affected by the case has been appointed in accordance with the provisions of Section 21, Chapter 339, G. L. 1923.

The case, being ready for hearing for final decree, has been certified to this Court for determination as provided by Section 35 of said chapter, upon bill, answers and proof.

By the will the testator attempted to dispose of his estate as follows: He devised to his wife, respondent Eleanor D. Hail, his real estate in Florida, valued at $7,500, and his homestead estate on Congdon street in Providence, valued at $12,000, and bequeathed to her his articles of household or domestic use or ornament regularly located on or about his homestead estate, his consumable stores, his articles of personal use or adornment, his automobiles and the sum of $10,000. He devised to his brother, respondent George Hail, all the residue of his articles of household or domestic use or ornament and all the residue of his real estate, consisting of an undivided half interest, valued at $9,250 in the Hail homestead in Providence and an undivided half interest, valued at $450, in a wood lot in the town of Lincoln, Rhode Island. The aggregate value of the personal property specifically bequeathed to his wife and brother is $3,026. He bequeathed $500 to each of the respondents, Edward Hail Dill and Edward Erickson. The residue of his personal estate he bequeathed to the Rhode Island Hospital Trust Company, upon trust to pay the net income therefrom to his said wife during her lifetime and upon her

decease in trust for such persons as she should by will appoint or, in default of appointment and subject to any partial appointment, in trust to transfer the principal thereof to his brother, respondent George Hail, if he should be then living, otherwise to respondent, the Homeopathic Hospital of Rhode Island. The will directs that all inheritance taxes be paid from the residuary estate as expenses of administration and that the provisions in favor of the wife be deemed in lieu of her right of dower, her right to a widow's allowance and all other rights in his estate. The value of the gross residuary personal estate is approximately $118,000, and the charges against this will amount to approximately $37,500, leaving a net residue of approximately $80,500.

The testator's widow has not signified her non-acceptance of the provisions of the will in her favor in lieu of dower in accordance with Section 21, Chapter 298, G. L. 1923, and the time within which she was entitled by statute to do so has now elapsed.

Section 22 of said chapter provides that: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

This statute applies to children born after the execution of the will as well as to children in being when the will is executed. As the above statutory provision was taken from a Massachusetts statute it must be presumed that said section was adopted in view of the construction placed upon the Massachusetts statute by the courts of that Commonwealth. *In re O'Connor*, 21 R. I. 465. Before said section was adopted the Massachusetts courts had decided that the statute from which said Section 22 was copied applied to children born after the execution of the will and before the testator's death. *Bancroft* v. *Ives*, 3

Gray, 367. See also *Industrial Trust Co.* v. *McLaughlin*, 44 R. I. 350.

The next question is whether "it appears that the omission (of the testator to provide for his said child) was intentional and not occasioned by accident or mistake". No evidence was introduced to prove that the testator's failure to provide for his child was intentional and, therefore, as was said in *Inman* v. *Inman*, 45 R. I. 206, "by force of the statute, it is presumed that the omission was unintentional and occasioned by accident or mistake". See *Ramsdill* v. *Wentworth*, 106 Mass. 320; *Hurley* v. *O'Sullivan*, 137 Mass. 86. Moreover, parol evidence as to the testator's intention is admissible, *In re O'Connor*, 21 R. I. 465; *Jenks* v. *Jenks*, 27 R. I. 40; *Horton* v. *Horton*, 46 R. I. 492, and it appears from the evidence that the testator when he made the will had no intention to disinherit any child which might thereafter be conceived and born.

As it does not appear that the testator's omission to provide for his child "was intentional and not occasioned by accident or mistake", said child is entitled to take the same share of the testator's estate that he would have been entitled to had the testator died intestate. Had the testator died intestate the child would have taken one-half of the net personal estate and all of the real estate subject to the widow's right of dower. § 5554 and § 5546, G. L. 1923.

It appearing that the net residuary personal estate is more than sufficient to supply an amount equal in value to the estate, both real and personal, which the child would have taken if his father had died intestate, the question arises whether the specific devises and bequests and a general devise of real estate shall be exonerated from contributing to the child's share. Section 24 of said chapter 298 provides that: "When a posthumous child, or a child, or the issue of a child, omitted in the will, takes under the provisions of section twenty-two or section twenty-three of this chapter, a portion of the estate of a testator, such portion shall be taken equally from all the devisees and legatees

in proportion to the value of what they respectively receive under such will, unless in consequence of a specific devise or legacy, or of some other provision of the will, a different apportionment is found necessary in order to give effect to the testator's intention regarding that part of his estate which passes by his will."

The real estate in Florida is exonerated from making contribution to the child's share. The devolution of real estate in Florida is governed by the law of that State and said Section 22 can no more compel said real estate to contribute to the child's share in the personal property and real estate within the jurisdiction of this State than said section can confer upon said child the right to inherit real estate in Florida. See *Peet* v. *Peet,* 229 Ill. 341; *Van Wickle* v. *Van Wickle,* 59 N. J. Eq. 317. Under the law of Florida a child who is not provided for by his father in his will is not entitled to share in the father's estate. *Easterlin* v. *Easterlin,* 62 Fla. 468. Said Section 24, in order "to give effect to the testator's intention regarding that part of his estate which passes by his will," clearly provides for the exoneration of specific devises and bequests. The language of said section was taken from a Massachusetts statute and the Supreme Judicial Court of that Commonwealth had, prior to the adoption of our statute, in identical language, held, in *Bowen* v. *Hoxie,* 137 Mass. 527, that pecuniary legacies are, by reason of said statute, exonerated from making contribution. If a pecuniary legacy is exonerated from contributing *a fortiori* a specific devise or bequest should be exonerated. See *Potter* v. *Brown,* 11 R. I. 232; *Martin, Petitioner,* 25 R. I. 1.

This residue of his real estate which the testator devised to his brother George, although a general and not a specific devise, (*Cooney* v. *Whitaker,* 192 Mass. 596) is not required to contribute to the child's share. It should be noted that the residue of the real estate was not included in a general residuary devise and bequest of the testator's residuary estate. This devise should not be deferred to but stands

on an equality with the pecuniary legacies in the marshaling of assets for the payment of debts.  *Jamieson, Petitioner,* 18 R. I. 385;  *Mathewson & Arnold, Petitioners,* 12 R. I. 145; *Phillips* v. *Clark,* 18 R. I. 627;  *Martin, Petitioner,* 25 R. I. 1.

It would seem that the same principles should apply to the marshaling of assets for the purpose of supplying the share due a pretermitted child as to the marshaling of assets for the purpose of paying debts.  The child's share and the testator's debts are alike charges against his estate.  See *Bowen* v. *Hoxie, supra.*  Although the widow's income will be reduced she admits that the child's share should be taken from the residuary personal estate.  A life interest in the residuary personal estate is a part of the provisions for the widow in lieu of dower.  As was said in *Sherman* v. *Riley,* 43 R. I. at 209, "the rule is well settled that a widow by accepting the terms of her husband's will thereby relinquishing her right of dower and right to participate in the distribution of his personal estate becomes a purchaser for valuable consideration and entitled to receive all that has been given her by the will even although other legacies are required to abate."  But the life interest of the widow in the case before us is in the residuary personal estate which is only that which remains after all obligations constituting charges against the estate have been met.  The share due the child is as much a charge against the estate as the testator's debts.

Our conclusion is that the share of the pretermitted child should be taken from the residuary personal estate.  Section 22 of said Chapter 298, provides that a pretermitted child shall take the same share of his parent's estate that the child would have been entitled to if the parent had died intestate. If the testator had died intestate, the child in question would have taken one-half of the surplus of the personal estate remaining after the payment of debts, funeral charges and expenses of settling the estate (§ 5554, G. L. 1923), and would have taken the real estate in Rhode Island subject to the widow's dower.  § 5546, G. L. 1923.  The child must

receive from the residuary personal estate an amount equal to that which he would have received if his father had died intestate. The share of the child to be taken from the residuary personal estate should be an amount equivalent to the sum of (a) the value of half of the personal estate remaining after the payment of the testator's debts, funeral charges, the expenses of settling his estate, the Federal estate tax, the Rhode Island net estate tax and the inheritance taxes imposed by other states upon the personal estate and (b) the value of the testator's real estate in Rhode Island subject to the widow's dower. The Federal estate tax, the Rhode Island net estate tax and, as there are no specific bequests of personal property which is without this State, the inheritance taxes imposed by other states upon the personal estate are expenses to be deducted in determining the net residuary personal estate. See § 516, G. L. 1923. *Plunkett* v. *Old Colony Trust Co.*, 233 Mass. 471; *In re Hamlin*, 226 N. Y. 407; *Bullard* v. *Redwood Library*, 37 R. I. 107; *Hazard* v. *Board of Tax Commissioners*, 43 R. I. 431.

For the purpose of awarding the child personal property the equivalent of the value of the real estate subject to the widow's dower interest, the complainant suggests that the value of the widow's interest, determined from the mortality tables, be deducted from residuary personal estate equivalent to the value of said real estate and the balance paid, together with one-half of the net residuary personal estate to the guardian of said child. In *Connole* v. *Connole*, 45 R. I. 1, after real estate subject to dower had been converted into cash by partition sale made by authority of a consent decree the widow sought to obtain from the purchase price a gross sum equal to the value of her dower interest to be determined with reference to her expectancy of life in accordance with standard mortality tables but the court held, following *Herbert* v. *Wren*, 7 Cranch 370, that the heirs had a right to insist that, instead of a sum in gross, one-third of the purchase money be set apart and the interest thereon

paid to the tenant in dower during her life. A banking institution was appointed trustee to hold the fund, pay the interest thereon to the widow during her life and to distribute the principal among the heirs at her death. The complainant in the case before us is trustee of the residuary personal estate. There appears to be no reason why said trustee should not hold during the life of the widow one-third of the personalty which stands in the place of the real estate and on her death deliver the principal to the child or his legal representatives.

The parties may on July 6, 1925, present for our approval a form of decree to be entered by the Superior Court in accordance with this opinion.

*Edwards & Angell, Walter A. Edwards, Gurney Edwards,* for complainant.

*Arthur A. Thomas,* guardian *ad litem* of respondent.
*John C. Knowles,* for contingent interests, &c.