LILIA M. QUIGLEY *vs.* GEORGE H. SPENCER *et al.*

APRIL 25, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. This is a bill in equity to enjoin respondents from prosecuting an action of trespass and ejectment against the complainant and to remove a cloud on complainant's title to a certain parcel of real estate. After a hearing on bill, answer and proof, and decision and decree granting complainant the relief prayed for, the cause is here on the respondents' appeal from said decree.

Lucy A. Spencer, wife of George G. Spencer, died in 1909 leaving her husband and three children surviving. By the

first clause of her will the testatrix gives directions for the payment of her debts and funeral expenses. The second clause is as follows: "I give, devise and bequeath all the estate and property of every name and nature, real, personal and mixed, and wherever the same may be situated, of which I may die seized and possessed, or to which I may be entitled at the time of my death, to my husband, George G. Spencer, to him the said George G. Spencer and his heirs and assigns forever." By the third and final clause the testatrix appoints her husband sole executor of her will.

The second clause of the will is the only one in question. The children claim the real estate of testatrix by virtue of G. L. 1923, C. 298, section 22, which is as follows: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

The will was drawn by an experienced lawyer and witnessed by two of his associates, both of whom were lawyers. The witnesses and the draftsman of the will are now dead. In 1901 when the will was executed the testatrix owned a half interest in a two-tenement house in Providence in which she lived with her husband and three children, Maude, 22 years of age, George, 16 years and Florence, 10 years of age. George G. Spencer, the husband of testatrix, was a carpenter and builder. By his own efforts he had acquired a modest competence. Testatrix was devoted to her children and her husband and the family was united and congenial.

In 1902 the testatrix acquired the title to the land now in controversy. Upon this land her husband and her son that year erected a dwelling house into which the family moved and where they continued to live. After the death of the testatrix her will was read to the husband and children and thereafter was duly probated. At that time the oldest daughter, Maude, made some inquiry from friends as to the

rights of the children; she came to the conclusion that they had no legal interest in their mother's estate.

Three months after the death of the testatrix, George G. Spencer remarried. Soon thereafter his children left the family home and later all were married and established homes of their own. In 1926 George G. Spencer and his second wife sold the premises in question to complainant for a fair price. After the title had been passed by a title examination company, the purchase price was paid to George G. Spencer. He moved out of the house and complainant moved in. Since that time complainant has improved the property and paid the taxes.

George G. Spencer died in October, 1928. After the death of his father, George H. Spencer made some inquiry as to whether he had any claim to this real estate and decided that he had none. In 1932, in examining a condition in the title to another parcel of real estate, he discovered or was told of the possible interest he might have in his mother's estate. Shortly thereafter, an action of trespass and ejectment against complainant was begun.

Two of the respondents, Maude and George, testified that their mother after she had made her will told them she had left her property to her husband for as long as he lived and that then she wanted her children to have it. That the testatrix was mindful of her children when she executed her will is admitted. Respondents' main contention is that the testatrix intended to give her husband a life estate only, with remainder over to her children and that her attorney made a mistake in drawing the will.

There is no evidence to support this contention. So far as we can ascertain from the record, there is nothing to cause us to believe that the will, as drawn, did not express the real intention of testatrix. The trial justice decided that the will was drawn in accordance with the intention and the instructions of the testatrix, that she had confidence in her husband who had always supported her and their children and that she was satisfied that if she died before

her husband the children would be taken care of by him and that the omission to provide for the children in the will was intentional and not occasioned by accident or mistake.

Section 22 of our statute was derived from a statute of Massachusetts which had long been in force. *In re O'Connor*, 21 R. I. 465. In *Coulam* v. *Doull*, 133 U. S. 216, FULLER, C. J., in delivering the opinion of the court, gives the history of this statute in Massachusetts and its construction by the courts of that state. The statute—the court said—raises a presumption that the omission to provide for children or grandchildren living when a will is made is the result of forgetfulness, infirmity or misapprehension and not of design; but this is a rebuttable presumption, in view of the language employed, which negatives a taking contrary to an intentional omission and at the same time leaves undefined the mode by which the affirmative purpose is to be established.

The statutory presumption of an unexpressed intention to provide for children may be rebutted by extrinsic evidence. Our decided cases are in accord with the general principles above stated. *Jenks* v. *Jenks*, 27 R. I. 40; *Inman* v. *Inman*, 45 R. I. 206; *Horton* v. *Horton*, 46 R. I. 492; *Rhode Island Hospital Tr. Co.* v. *Hail*, 47 R. I. 64; *Mitchell* v. *Mitchell*, 48 R. I. 1; *Fischer* v. *Ennis*, 51 R. I. 47; *Scott* v. *Nolan*, 53 R. I. 89. See also *Buckley* v. *Gerard*, 123 Mass. 8.

The conduct of the respondents since the death of their mother is inconsistent with their contention, now made, that the testatrix did not mean what she said by her will. After inquiry with respect to their rights, if any, they accepted the provisions of the will. In 1926 the children were all mature. They knew that their father had sold the property and that he claimed the right to do so. For six years they never questioned his title or the extent of his ownership.

The trial justice was of the opinion that the respondents were not acting in good faith in waiting so long to make their claim to the estate, and his opinion is apparently justified.

The respondents say they knew the alleged intention of their mother as soon as she had made her will, but they did nothing. Their acceptance of the will without objection for so many years is strong corroborative evidence of complainant's contention that the children were intentionally not mentioned in the will.

The statute was designed to prevent, not to work, injustice. One claiming title by virtue of the statute can not in good conscience delay the assertion of his claim until many of those who could testify to the facts are dead and then complain of the lack of such testimony.

We are of the opinion that the omission to provide for the children in the will was intentional and not occasioned by accident or mistake and that the real estate in question passed under the will of the testatrix to George G. Spencer.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Ernst T. Voigt, Nathan M. Wright, Jr., Voigt, Wright & Munroe,* for complainant.

*Albert F. Cappelli,* for respondents.