MARY MCPHILLIPS *vs.* ELIZABETH V. MCPHILLIPS *et al.*

JUNE 12, 1944.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

CONDON, J. This is a bill in equity for the construction of a will. After the cause was ready in the superior court

for hearing for final decree, it was certified, in accordance with general laws 1938, chapter 545, §7, to this court for our determination.

The will in question was executed on November 13, 1906, by Mary B. McPhillips and was duly admitted to probate by the municipal court of the city of Providence on April 30, 1929, the testatrix having deceased on April 11, 1929. By this will, testatrix, after providing for the payment of her debts and funeral expenses, devised and bequeathed all the residue of her estate to her husband James McPhillips. Although the testatrix left surviving her six children, namely, James J., Alexander V., John, Elizabeth V. and Mary McPhillips and R. Madelyn Sullivan, she failed to mention any of them in her will.

Testatrix's son John died on March 5, 1930, leaving surviving him his wife Mildred V. and two sons, James F. and John L. McPhillips, and an adopted son Raymond J. McPhillips, a minor. A guardian *ad litem* was duly appointed and qualified to represent such minor and protect his interests in this proceeding.

The above-named Mary McPhillips is the complainant here and all the other children and grandchildren, together with their spouses, if any, are the respondents. Although properly served by subpoena, all respondents, except the minor, failed to answer and as to them the bill was taken *pro confesso*. The guardian *ad litem* of the minor duly filed an answer in which he formally submitted the interests of his ward to the protection of the court.

Briefly, the question raised by the bill is whether or not the failure of the testatrix to mention her children in the will was intentional or was due to accident or mistake. Unless such omission was intentional and not due to accident or mistake, the children would, by virtue of G. L. 1923, chap. 298, sec. 22, take such share of the testatrix's estate as they would be entitled to if she had died intestate.

Two of the children who were omitted testified to the effect that their mother had told them and the other chil-

dren that she had made a will in which she had omitted them and given everything to their father. They also testified that their mother and father had made mutual wills and that they and the other children were told about it and that they were satisfied. They further testified that their mother's omission of them was intentional and so understood by all the children.

The guardian *ad litem* testified in the superior court that he had made an independent investigation of the facts alleged in the bill and of the probate records and had satisfied himself of the facts testified to in support of the bill were true. In his brief filed in this court and in his argument at the hearing before us he reiterated his belief in the truth of such facts and further stated that he was "unable, after a full and complete investigation, to learn any facts which would tend to cast any doubt upon the claim that the omission was intentional and not occasioned by accident or mistake." He thereupon formally submitted his ward's interest to the protection of this court.

In the face of the uncontradicted testimony of two of the children, who were omitted, that they and their brothers and sisters knew that their mother's omission of them from the will was intentional, it is obvious that in the absence of fraud or collusion—and none is even intimated, much less shown—no other construction can be given to the will than that the testatrix intentionally omitted her children therefrom and did not overlook them through either mistake or accident.

It has long been the established practice in this state to admit such evidence for the purpose of proving a testimonial intent of the above nature where the will itself is utterly silent on the matter. Evidence of this character *dehors* the will tends to support the will as it is written and not to vary it. Where there is sufficient supporting evidence of this kind to prove the intentional omission of her children by a testatrix, the provisions of G. L. 1923, chap. 298, sec. 22 do not operate. *Horton* v. *Horton,* 46 R. I. 492.

Our construction of this will, therefore, is that Mary B. McPhillips intended to omit her children therefrom and that, by the second clause of her will she transmitted to her husband, named therein, all her title and interest in and to all the residue of her property.

On June 16, 1944, the parties may present for our approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Joseph H. Coen,* for complainant.

*A. Louis Rosenstein,* Guardian *Ad Litem.*