GIUSEPPE RESTINO *et ux. vs.* ORAZIO TAFURI.

JULY 6, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Equity.   Issues of Fact.   Certification of Cause.*

The certification to the Supreme Court under Gen. Laws, 1909, cap. 289,. § 35 of issues of fact which have been framed in an equity cause and oral evidence offered thereon in the Superior Court, for original determination by the Supreme Court is entirely foreign to the plan of the judicial establishment of the State.   The provisions of section 35 in so far as they provide for the certification of equity causes, must be regarded as having reference to causes involving complicated and doubtful questions of law which require immediate certification out of regard for the important interests of the parties, and the section does not relate to causes involving controverted issues of fact; and a justice of the Superior Court must first make findings upon the issues of fact before he can fairly determine that the legal questions involved in settling the equities are of a nature requiring their certification; and after such findings for the benefit of the parties and the appellate court in the consideration of the cause upon certification, such justice should make his findings upon the issues a part of the record.

(2)  *Equity.   Issues of Fact.   Certification of Cause.*

In all causes certified under Gen. Laws, 1909, cap. 289, § 35, a justice of the Superior Court, as a trier of fact, who has heard the cause for final decree, must enter upon the record his findings upon the issues of fact whether the cause is heard upon oral testimony or otherwise.   If the cause has been sent to a master to determine such issues, the justice must confirm the master's report or hear and determine all exceptions to the same before hearing for final decree and certification.

BILL IN EQUITY.   Certified under Gen. Laws, cap. 289, § 35.   Remanded for further proceedings.

PER CURIAM.   The above entitled cause is a suit in equity certified by the Superior Court to this court for determination.

The substantial allegations of the bill are that the complainants, who cannot speak or read the English language, engaged the respondent, a real estate broker, to conduct the negotiations for the purchase by them of a certain parcel of land and the buildings thereon for $8,500 and gave to the respondent $200 to be paid to the owner on account of the consideration;   that the respondent afterwards induced the

complainants to believe that he had carried out their instructions; that the respondent unfaithfully purchased said property for himself for a less sum and then gave to the complainants a deed of a portion only of said property, which the complainants accepted believing it to be a deed of the entire property because of their faith and confidence in the respondent; that the complainants gave to the respondent a certain sum in cash, a note secured by mortgage and assumed the payment of another mortgage amounting in all to $8,500, and also gave to the respondent a further sum for expenses. Upon discovering the deception, which they aver had been practiced upon them, they commenced this proceeding seeking relief in equity. The respondent answered the bill; issues of fact were framed and settled in accordance with the rules in equity of the Superior Court, and the cause proceeded to hearing upon oral testimony before a justice of the Superior Court upon the issues framed. Without making any finding or determination upon the issues of fact said justice ordered the cause certified to this court for determination, under the provisions of Section 35, Chapter 289, General Laws, 1909. Said Section 35 is as follows: "Sec. 35. The superior court shall certify to the supreme court for its determination all bills in equity for the construction of any will or trust deed, or for instructions relative to any will or trust deed, whenever and as soon as any such cause is ready for hearing for final decree, and may, after hearing any other cause for final decree, certify such cause for the determination of the supreme court. The supreme court shall thereupon hear and determine the cause so certified, and like proceedings shall be had therein, so far as the same are applicable thereto, as if said cause were brought before the supreme court on appeal."

If, under the provisions of this section, authority has been conferred upon a justice of the Superior Court to certify a cause for our determination before passing upon the issues of fact, we are at loss to understand why said justice should

have exercised that authority in this case. He had heard all the testimony orally. If he had decided the issues of fact in favor of the complainants the legal principles which he would then have been called upon to apply to his findings of fact are by no means complex, doubtful or novel. If he had found the issues in favor of the respondent he would have dismissed the bill. The only difficulties which the cause presented were as to the findings of fact which should be made, and those difficulties arise solely because of the conflict in the testimony of the principal witnesses. The vital matter for settlement was as to the veracity of the complainants, the respondent and his alleged associate. Said justice had those witnesses before him and, because of (1) that advantage of which we are deprived, undoubtedly could have passed upon the weight of the evidence and the credibility of the witnesses with an assurance of accuracy which we cannot have. Counsel in the case is justified in saying, as he does in his brief, that "this court does not have the advantage of personal observation and hearing of the witnesses so desirable in a case where the testimony is utterly in conflict." The certification of the cause at this stage has resulted in substantial hardship to the parties, compelling them to incur the expense of following the cause here without a determination of the essential matter involved, which said justice might so easily have made and which he was peculiarly in a position to make. If it was clear that said justice had general discretion to certify a cause which he had heard, without first making findings upon the issues of fact, we should nevertheless regard the certification of this cause as an abuse of that discretion, which should be corrected under the supervisory power of this court to correct abuses in inferior tribunals.

In the scheme of judicial procedure which came in with the adoption of Article XII of Amendments to the Constitution, and the passage of the Court and Practice Act of 1905, the relative places of this court and the newly created Superior Court are clearly defined. The Superior Court is

in general to be the tribunal having original jurisdiction in the trial of the more important actions at law and exclusive original jurisdiction in equity causes. This court, in addition to its original jurisdiction, has, with reference to the Superior Court, final revisory and appellate jurisdiction upon questions of law and equity arising in that court; and generally matters come to us from that court only for the review of the rulings of the justices of that court. There are certain exceptions to this general plan in which the statute provides that certain matters may come to us from the Superior Court upon certification without previous determination by that court. All of these exceptions relate to the immediate consideration by this court of important questions of law or matters which involve questions of law solely. Examples of this are certifications of constitutional questions, of cases in which the parties have agreed upon a statement of facts leaving only questions of law for determination, of motions in arrest of judgment for errors appearing upon the record which by statute are restricted to claims of a lack of jurisdiction, of bills in equity for the construction of wills or trust deeds or instructions relative thereto which rarely involve questions of fact and then of the most formal character, of questions of law actually arising and requiring determination in the travel of actions at law or suits in equity and which appear to a justice of the Superior Court to be of such doubt and importance that they should be decided by this court before further proceedings. All of those provisions are for the certification of questions of law, their purpose is apparent and they fit into the well-defined scheme of the distribution of judicial power, with the Superior Court as the trial court and this court as the appellate law court. The certification to us of issues of fact for original determination is entirely foreign to the plan of our judicial establishment. The provisions of the section under consideration must be construed in the light of and in accordance with the plain general intent of the whole statutory plan with reference to the relation existing between the two courts. The

provision that the Superior Court may, after hearing an equity cause for final decree, certify such cause for the determination of the Supreme Court, from its association in the section with the provision requiring the certification of bills for the construction of wills and trust deeds, must be regarded as having reference to causes involving complicated and doubtful questions of law, which require immediate certification, out of regard for the important interests of the parties. This has been the nature of cases certified under this provision in the past. They have been causes involving not perplexing and controverted issues of fact but complicated and important questions of law. *Gay* v. *Burgess Mills*, 30 R. I. 231. The provision is that such causes may be certified after hearing for final decree. In a hearing for final decree a justice of the Superior Court must first determine the issues of fact and then seriously seek to apply to his findings the principles of law which determine the equities of the case. It is only in the process of such application, after he has decided the issues of fact, that a justice becomes impressed with the complicated and doubtful nature of the legal questions involved which may impel him to certify the cause to us. In view of the whole statutory plan which we have outlined, the construction which we place upon the provision giving to the Superior Court the power to certify causes to us under the statutory provision in question is that the justice of that court must first make findings upon the issues of fact before he can fairly determine that the legal questions involved in settling the equities are of a nature requiring their certification to us. He cannot have completed his hearing for final decree and found that the cause was one proper to be certified unless he had previously made findings upon the issues of fact. After such findings, for the benefit of the parties and this court in the consideration of the cause upon certification, such justice should make his findings upon the issues a part of the record.

(2) In all causes, therefore, certified under said statutory provision, a justice of the Superior Court, as a trier of fact, who has heard the cause for final decree, shall enter upon the record his findings upon the issues of fact, whether said cause is heard upon oral testimony or otherwise. If the cause has been sent to a master to determine such issues, such justice must of necessity, confirm the master's report or hear and determine all exceptions to the same before hearing for final decree and certification.

This cause should be sent back to the Superior Court with direction to the justice who ordered its certification to determine the issues of fact. We do not doubt that he will then find little difficulty in awarding to the parties the consequences which should in equity follow the facts as found by him.

The cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Pettine & De Pasquale*, for complainants.

*George F. Troy*, for respondent.