ROSANNA R. ARNOLD (formerly Rosanna R. Eddy) *Ex. vs.*

ROSANNA R. ARNOLD (formerly Rosanna R. Eddy) *et al.*

JUNE 16, 1927.

PRESENT: Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Construction of Will.    Equity Pleading.*

It would be better practice for one who is the executrix of a will as well as sole devisee and legatee, in bringing a bill for the construction of the will, to bring it as executrix and in her individual capacity instead of making herself complainant in her representative capacity and respondent in her capacity as an individual.

*(2)  Wills.    Omission of Children.    Accident and Mistake.*

The intention of a testator to omit provision for his children in his will need not appear in the will but may be shown by parol evidence. The evidence is admitted for the purpose of supporting the will and not to vary its terms.

*(3)  Wills.    Omission of Children.    Accident and Mistake.*

Gen. Laws, 1923, cap. 298, sec. 22, relating to omission of his children from the will of testator, and providing that they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake, operates when and only when the will can not be supported by

evidence showing that testator meant what he said when he disposed of his property by will and omitted to provide for one of his children or the issue of a deceased child.

BILL IN EQUITY for construction of will. Certified under par. 4968, G. L. 1923.

RATHBUN, J. This bill in equity was brought in the Superior Court for the construction of the will of Eugene A. Eddy, late of East Greenwich, Kent County, in this State, deceased. After the taking of testimony the case was certified to this court as required by § (4968), G. L. 1923.

The testator drew and executed his will on November 16, 1924, and deceased nine days later. The complainant, who was the testator's wife, is the sole devisee and legatee under the will. She has since remarried. The will does not mention any one of the testator's four minor children. Section 22, Chapter 298, G. L. 1923, provides that: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

The complainant as executrix has brought the bill against the four minor children and herself in her individual capacity. The guardian *ad litem* for the children, who was appointed by the Superior Court, filed an answer submitting the rights of his wards to the protection of the court but took an active part in the proceedings below and appeared at the hearing before us and filed a brief. He was, however, unable to produce any evidence tending to show that the omission of the testator to provide in his will for his children was due to accident or mistake.

(1) We think it would have been a more logical procedure for the complainant to have brought the bill as executrix and in her individual capacity instead of making herself complainant in her representative capacity and respondent in her capacity as an individual. See *Perkins v. Se Ipsam*, 11 R. I. 270. See also *Duke v. Allen,* 48 R. I. 127, where

bill for construction was brought by a devisee. However, as the parties are all before the court and as the minors, who are the only persons whose interests are adverse to the complainant's, were represented by the guardian *ad litem*, there appears to be no reason why we should not determine the question presented which is as follows: Was the omission of the testator to provide for his children intentional or was said omission due to accident or mistake? In *Horton* v. *Horton*, 46 R. I. 496, we stated as follows: "The intention need not appear in the will but may be shown by parol evidence. The evidence is admitted for the purpose of supporting the will and not to vary its terms. *In re O'Connor*, 21 R. I. 465; *Jenks* v. *Jenks*, 27 R. I. 40. The statute operates when and only when the will can not be supported by evidence showing that the testator meant what he said when he disposed of his property by will and omitted to provide for one of his children or the issue of a deceased child. *Inman* v. *Inman*, 45 R. I. 206."

There was considerable testimony from reliable witnesses as to statements made by the testator immediately before and a short time after the execution of the will showing that he intended to give his whole estate to his wife and to exclude his children. We are satisfied from the evidence that the omission to provide for his children was intentional and was not occasioned by accident or mistake and we so find.

The parties may present for our approval a form of decree to be entered in the Superior Court.

*Ralph M. Greenlaw,* for complainant.
*Edward A. Stockwell,* guardian *ad litem.*