MILDRED M. LINDSLEY *vs.* OGDEN R. LINDSLEY, JR., *et al.*

FEBRUARY 12, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

86

FLYNN, C. J. This bill in equity was brought by Mildred M. Lindsley, widow of Ogden R. Lindsley, deceased, against her two minor children for a construction of their father's will, wherein she is made executrix and sole beneficiary. After the respondents, through their duly appointed guardian *ad litem*, had filed their answer and the complainant had filed her replication, testimony was taken before a commissioner, appointed by the superior court, upon a single issue of fact as framed by the parties. When the commissioner's report was filed in that court and the case was ready for hearing for final decree, it was certified to this court for determination under the provisions of general laws 1923, chapter 339, sec. 35.

All the interested parties are represented before this court. The will which we are asked to construe was duly signed, published, witnessed and probated. Its language is clear and not ambiguous, and it makes no provision for any of the testator's children, but leaves all of his property to his wife.

If such omission to provide for his children was occasioned by accident or mistake, they are entitled to receive the same shares which they would have inherited if their father had

died intestate. G. L. 1923, chap. 298, sec. 22, as amended by P. L. 1931, chap. 1754, sec. 2. The pertinent portion of this statute reads as follows: "Sec. 22. When a testator omits to provide in his will for any child of his born after the execution of his will, either during his lifetime or after his death . . . such child or issue shall take the same share of the testator's estate as such child or issue would have been entitled to if the testator had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

The single issue of fact which was framed by the parties and upon which our determination in law ultimately must depend, is whether the testator's omission to make any provision in his will for his after-born children, the respondents here, was intentional and not occasioned by accident or mistake.

The evidence here is entirely undisputed and the question whether findings of fact by the trial justice should accompany such certification in a case of conflicting evidence is not before us or considered. The evidence discloses, among other things, that Ogden R. Lindsley, the testator, and Mildred M. Lindsley, the complainant, were married on June 18, 1921 and thereafter lived continuously and happily together until the testator's death on May 20, 1935. Two children, respondents here, were born of this union, Ogden R. Lindsley, Jr., on August 11, 1922 and Bradford M. Lindsley on May 4, 1925. The will was executed on May 20, 1922, two months and thirteen days before the expected birth of Ogden R. Lindsley, Jr., and about three years before the birth of Bradford M. Lindsley.

At the time of its execution the testator was a young lawyer associated with a large law office in Providence, with which he continued his association until about April 1930. According to the complainant's testimony, the testator knew and talked with her about the expected birth of her first child and then expressed his intention to leave all his property to her by his will. Shortly after its execution, he told the

complainant that he had made his will in accordance with his originally expressed intention. In conversations with other married couples with whom the testator and complainant were friendly, the testator made known to them that he had made his own will so that everything would go to his wife; and that such was the desirable disposition, in his opinion, for every man who, like himself, was happily married and had confidence that his wife could be trusted to take care of their children.

The evidence further discloses that all of the testator's bank deposits were kept in joint account with his wife; that he had acquired considerable real estate in lieu of insurance; and had instructed her in the proper management thereof so that she would be able, if anything happened to him, to manage the property and provide for herself and children; that before entering a hospital in 1928, which was after both children were born, he executed deeds conveying to her all of the real estate which then stood in his name, together with a rather complete power of attorney to act fully in respect to this property; and that he left written instructions and suggestions covering possible sale and conveyance of the real estate by her; and in general that he so conducted his affairs and so expressed himself, when thoughts of his children must have been in his mind, as to give unmistakable evidence that he had complete confidence in his wife's ability and disposition to care for their children; and that he intended to leave everything to her, in preference to including his children specifically in the disposition of his affairs.

Counsel for the guardian *ad litem* does not dispute the law that the testator's intention, with reference to such omission of children from such a will, as here, may be shown by parol or other evidence *dehors* the will. *Horton* v. *Horton,* 46 R. I. 492; *Rhode Island Hospital Trust Co.* v. *Hail,* 47 R. I. 64; *Arnold* v. *Arnold,* 48 R. I. 304; *Scott* v. *Nolan,* 53 R. I. 89; *Quigley* v. *Spencer,* 54 R. I. 228.

But he very ably seeks to draw all possible inferences from the testimony in support of his contention that the omission of the respondents was occasioned by accident and mis-

take. He argues that the evidence must establish the testator's intent at the time of executing the will and that the evidence submitted is too remote to show such intent; that there is a presumption in favor of the accidental omission of the children from the father's will, and that the amount of evidence necessary, in a case like this, to prove intentional omission of children should be strict, clear and convincing.

It has been held by the court, as respondents urge, that there is a presumption that a testator's omission of his children from his will is accidental and not intentional. *Fisher* v. *Ennis,* 51 R. I. 47, 49. But it also has been held, in a case like the present one, that such a presumption may be rebutted; and further that the amount of evidence necessary to prove the testator's intention naturally varies in different cases, but in all cases the intention to omit a child, whether born or unborn, must be established by a plain preponderance of the evidence. *Mitchell* v. *Mitchell,* 48 R. I. 1, 3; *Quigley* v. *Spencer, supra,* and other cases cited.

Applying this law to the instant case, we are of the opinion that there is ample evidence to show that the testator's omission of his after-born children from his will was intentional and not occasioned by accident or mistake. There is no positive evidence that such omission was occasioned by accident or mistake; and there is evidence, not of itself inherently improbable or otherwise contradicted by his conduct or circumstances, which shows that the testator had in mind, before and at the time he executed the will, the expected birth of his first child; that he was a lawyer and presumably was aware of the provisions of the statute with reference to the omission of after-born children and the share which they would take, if they were not intentionally omitted from the will; that nevertheless he expressed his intention to leave all his property to his wife, having full confidence and trust in her to care for his after-born child; that shortly after his will was executed he explained that he had left all of his property to her; that similar expressions of his intent and reasons for so making his will were made not

only to complainant, but to other friends at times when such topics were very pertinent.

His whole conduct for several years after the birth of his children, relating to joint bank deposits, deeds, power of attorney and the like, is consistent with testimony that he intended to omit his after-born children from the will and leave everything to his wife, and is inconsistent with the opposite contention. Significantly, although a lawyer, he made no codicil, or new will, and made no cancellation of the old will, by any one of which methods he must have known he could have provided for his children in equal shares, if he so intended.

It is argued that this testimony is too remote. Evidence of statements made by the testator to witnesses at different times subsequent to the execution of the will has been admitted to establish that failure by the testator to make provision for his children was intentional and not occasioned by accident or mistake. *Rankine* v. *Rankine*, 142 A. 143, 144 (R. I.) See cases above cited. In the instant case we think the evidence of subsequent statements spells out a continuous story, related to the testator's intention and execution of his will; that the later statements throw light upon and corroborate the other uncontradicted testimony of the testator's intention, expressed by him immediately before and also after the execution of his will.

Under all the circumstances presented by the undisputed evidence, we are of the opinion that there is ample to show that the omission of the testator to provide in this will for his children, Ogden R. Lindsley, Jr., and Bradford M. Lindsley, was intentional and was not occasioned by accident or mistake. The respondents therefore take no interest in their father's property under the will in question.

The parties may, on February 18, 1938, present for our approval a form of decree to be entered in the superior court in accordance with this opinion.

*Edward Winsor, Edwards & Angell,* for complainant.

*S. Everett Wilkins, Jr.,* Guardian *ad litem.*