EDYTHE E. BUTTERFIELD *vs.* SIGMUND W. FISCHER, JR., *Ex. et al.*

.APRIL 27, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity seeking a construc-
tion of the will of Emma S. Henault and it was certified to
this court for determination in accordance with the provi-
sions of general laws 1923, chapter 339, sec. 35.

The complainant is the sole beneficiary under the will in
question and the respondent is the executor thereof by ap-
pointment by the probate court.  All known parties in inter-
est were represented in the superior court and a *guardian ad
litem* was appointed to represent the testatrix's daughter, all
unascertained minors and other persons in interest.

At the hearing in the superior court on bill, answers and
proof, evidence was introduced tending to show that the tes-
tatrix had intentionally omitted any provision in her will for
her daughter, or any possible issue of such daughter.   The
trial justice found as a fact upon the evidence that such omis-
sion by the testatrix was intentional and not occasioned by
accident or mistake.  The cause, being ready then for hear-
ing for final decree, was certified to this court for determina-
tion under the above statute.

The evidence, which is undisputed, shows that the testa-
trix had married three times, her successive husbands being
named respectively, Steeves, Phetteplace and Henault.   A
daughter, Frances Steeves, was born of the first marriage
but no other children of the testatrix lived.  The daughter,
Frances Steeves, lived with her mother, who was then Mrs.
Phetteplace, in Meriden, Connecticut, about 1906.   Her
mother moved to New Haven in 1907 accompanied by her
daughter, who was about sixteen years of age, but very
shortly after her arrival there the daughter was committed
to a girls' institution in Hartford, from which she later es-

caped. All attempts by her mother and later by the executor and *guardian ad litem* to locate Frances Steeves were unsuccessful. No trace of her or of any possible marriage was found.

The testatrix had discussed her daughter from time to time with friends and kept her picture in a prominent place, at least until about two years before making this will. The testatrix had instructed her attorney to draw a will early in 1936 by which she intended to leave the bulk of her estate to her sister with whom she then expected to live the rest of her life. However, after a visit to her sister, she concluded that none of her sister's family was interested in seeing that she was taken care of, and so she did not execute the first will but ordered another will to be drafted.

This second will was executed February 26, 1936 and gave her sister certain household furniture and a life estate in the real estate, and the residue in trust to a son and grandchildren of her husband, Henault, by a former marriage. Her last husband had died and she was then living alone and repeatedly expressed her anxiety over her future care and her desire to leave her estate to some one who would provide that care.

Through mutual friends she met the complainant, who was trained in nursing, and induced her to become her nurse and companion. Later a contract was entered into with the complainant whereby the latter agreed in writing to provide nursing and care for the testatrix during her life, in consideration of the making by the testatrix of a will under which the complainant would be the beneficiary.

The will in question was drawn and executed contemporaneously with the agreement on September 29, 1936. The contract referred to was made upon the suggestion and advice of the attorney for the testatrix. He testified that her expressed primary concern and motive throughout the making of this contract and will was to insure nursing and care for herself in her advancing age, and the testatrix then felt

these services could not be properly provided by her sister.

The testimony of certain friends of the testatrix and of a private investigator, who worked under direction of the executor and *guardian ad litem,* corroborated many of the facts concerning the daughter's disappearance and, if alive, her apparent total failure to communicate with her mother or to show ability or willingness to care for her. None of the evidence gave the slightest clue that the daughter, Frances Steeves, was then alive or had ever married or ever had any issue born before or after the will was executed. She was missing and unheard of for over thirty years.

The sole question, therefore, is whether the failure of the testatrix to provide in her will for any child or children or for the issue of any such child or children was intentional and not the result of accident or mistake. See sec. 2, chap. 1754, P. L. 1931, amending sec. 22 of chap. 298, G. L. 1923.

In similar cases, where the above statute has been considered, parol evidence has been held to be admissible to show that the omission by a testator to make provision in his will for any of his children or for their issue was intentional and not occasioned by accident or mistake. Such evidence is admitted to support and not to vary the will. *In re O'Connor,* 21 R. I. 465; *Horton* v. *Horton,* 46 R. I. 492, 496; *Quigley* v. *Spencer,* 54 R. I. 228 and cases cited; *Lindsley* v. *Lindsley, Jr.,* 60 R. I. 85, 197 A. 98.

In the instant case the evidence is undisputed. The testatrix primarily had in mind her own welfare and care in her advancing years and desired to make her will so as best to insure that purpose. Her mental capacity is unquestioned and there is no evidence suggesting undue influence. Her written contract with the complainant was drawn at the suggestion of her own attorney to protect her interests during her life. It is strongly corroborative of the intent, apparently running through all her wills, to omit any mention of her daughter because she could expect no help from her. The complainant performed her part of the agreement in

full and received no other payment for her services except the benefits under the will.

The continued and unexplained absence of her daughter for over thirty years might well have established a presumption of the daughter's death. In any event the unsuccessful attempts of the testatrix and of the executor and *guardian ad litem* to locate any trace of her daughter or of any issue of her, the absence of any evidence that she was alive, or ever had married, or had any issue, and the other corroborating circumstance that the daughter, if living, probably would never provide the services desired by the testatrix, contribute to make it not unnatural that the testatrix should omit her daughter intentionally and look elsewhere for the protection she most desired. A consideration of all the evidence seems to us to justify the conclusion of fact found by the trial justice.

In our opinion, therefore, the omission of Emma S. Henault to make provision in her will for any child or children of hers or for her daughter, Frances Steeves, or for the issue of any such child or children was intentional and not occasioned by accident or mistake.

On May 2, 1938, the parties may present to this court for approval a form of decree in accordance with this opinion.

*Stockwell, Chace, & Yatman,* for complainant.

*Clifton I. Munroe, Sigmund W. Fischer, Jr.,* for respondent.

*Edward W. Lincoln,* Guardian *Ad Litem.*