LOUCITTY HAVENS *vs.* WILLIAM D. HAVENS *et al.*

July 21, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This case was begun by a bill in equity filed in the superior court by the widow, and sole beneficiary under

the will, of Charles C. Havens, late of Warwick in this state, who died October 22, 1905, for a determination of the question whether his omission to provide in that will for any of his children was intentional and not occasioned by accident or mistake.

No child or other issue of the testator was mentioned in the will. He was survived by a daughter by a former wife and two sons by the complainant, one of whom is still living. The other died after the testator and was survived only by a daughter, who is still living. This granddaughter of the testator, her husband, the living son of the testator and the wife of this son were made parties respondent and filed an answer, in which they admitted the truth of the allegations of the bill and joined in its prayer.

The above-mentioned daughter of the testator was also named as a party respondent in the bill; but as information as to her continued existence and any possible issue of hers did not prove to be obtainable, notice to her and such possible issue of hers was given by publication under order by the superior court; but no appearance in the suit was entered by her or any issue of hers. Accordingly a person was appointed by the superior court to represent her or any such issue of hers and filed an answer submitting her or their interests to the care and protection of the court.

The case was thereafter heard in the superior court and it was proved, by the testimony of the surviving son of the testator and of one of the witnesses to the will, that the facts as to the issue of the testator were as above set forth and that he stated to them respectively several times, at and about the time of the execution of the will, that he wanted to leave all his property to his wife, the complainant. The son testified also that the testator told him that the reason why he wished to leave all his property to his wife was that he had only a limited amount of property and there was not enough of it to do anything with except just to give it to her. There was no evidence which weakened this testimony in

any way. At the conclusion of the hearing, the case was certified to this court for determination, under general laws of 1923, chapter 339, sec. 35, together with a transcript of the evidence.

The pertinent statutory provision which was in effect, when the will was executed and when the testator died, was G. L. 1896, chap. 203, sec. 22, as follows: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

It is well settled that parol evidence such as was presented at the hearing in the superior court in this case is admissible to prove that the omission of a testator to provide in his will for any of his children or the issue of a deceased child was intentional and not occasioned by accident or mistake. *Jenks* v. *Jenks,* 27 R. I. 40, 60 A. 676; *Lindsley* v. *Lindsley,* 60 R. I. 85, 197 A. 98; *Butterfield* v. *Fischer,* 60 R. I. 378, 198 A. 782; and other cases cited in the opinions in the last two of these cases.

In *Arnold* v. *Arnold,* 48 R. I. 304, 137 A. 878, the only discussion of the evidence was as follows: "There was considerable testimony from reliable witnesses as to statements made by the testator immediately before and a short time after the execution of the will showing that he intended to give his whole estate to his wife and to exclude his children. We are satisfied from the evidence that the omission to provide for his children was intentional and was not occasioned by accident or mistake and we so find." Similar testimony, of statements made by the testator to his children, was relied on in *Scott* v. *Nolan,* 53 R. I. 89, 164 A. 193.

In the instant case there is no conflict in the evidence and therefore, as in *Lindsley* v. *Lindsley, supra,* the question whether a finding or findings of fact should accompany such certification in a case of conflicting evidence is not before us.

This evidence shows that the omission of the testator to provide for any of his children was intentional and not occasioned by accident or mistake.

On July 22, 1938, the parties may present to this court for approval a form of decree, in accordance with this opinion, for entry in the superior court.

*Elmer S. Chace,* for petitioner.

*Louis D. Richardson,* guardian, *ad Litem.*