226 A.2d 143.
JEANNETTE P. VANCE, *Executrix vs.* CHRISTINE M. ROOD, *et al.*

FEBRUARY 1, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a bill in equity brought for the construction of the will of Thomas F. Vance, Jr., deceased, late of the city of Pawtucket. The complainant, widow of the testator, is the sole beneficiary named in the will and is the executrix thereunder. The respondents are grandchildren of the testator who were born to a daughter of the testator living at the time of the execution of the will but who died in 1955 prior to the testator's death in March 1963. The cause was heard by a justice of the superior court, who subsequently under the provisions of G. L. 1956, §9-24-28, certified the will to this court for construction.

It appears from the record that the testator executed the instant will on February 15, 1936, leaving everything to his second wife, the executrix under the will. No mention is made therein of his only child, Patricia Ann, his daughter by a prior marriage, who at the time of the execution

of the will was about eight years of age. In 1951 the daughter Patricia married, and of this union two children were born, the respondents here, namely, Christine Marie and John Harold Rood, Jr. She died on July 31, 1955 survived by these two children. The testator died on March 3, 1963 survived by his widow, the executrix, and these grandchildren. In her bill for construction complainant prays that the court ascertain the interests of the respondent grandchildren, and the will was certified to this court on September 13, 1965 under the provisions of §9-24-28.

We are confronted with the question whether respondents, concededly the children of the daughter of the testator who were born after the execution of the will and for whom no provision is made therein, are entitled to the benefits of the presumption of unintentional omission established and provided for in G. L. 1956, §33-6-23.

Said section reads, in pertinent part: "When a testator omits to provide in his will for any child of his born after the execution of his will, either during his lifetime or after his death, or for any issue of a deceased child of his dying after the execution of his will, or for any issue born after the execution of his will of a deceased child of his dying before such execution, such child or issue shall take the same share of the testator's estate as such child or issue would have been entitled to if the testator had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake." It is not disputed that respondents here are "issue of a deceased child" of the testator who died "after the execution of his will" and, as such, are within the scope of the statute.

This statute, in its prior as well as its present form, has been held to raise a presumption that the omission of a child from the will of the testator is unintentional. In *Mitchell* v. *Mitchell*, 48 R. I. 1, 3, decided by this court in 1926, in construing a prior version of the statute, this court said: "The presumption is that the omission was uninten-

tional." In construing the statute in its present form in *Lindsley* v. *Lindsley,* 60 R. I. 85, decided in 1938, this court said at page 89: "* * * that there is a presumption that a testator's omission of his children from his will is accidental and not intentional."

The presumption has been held to be rebuttable, however, and in *Lindsley* v. *Lindsley, supra,* the court went on to say: "* * * that such a presumption may be rebutted; and further that the amount of evidence necessary to prove the testator's intention naturally varies in different cases, but in all cases the intention to omit a child, whether born or unborn, must be established by a plain preponderance of the evidence." The posture then in which this case is presented to us is one in which the executrix and proponent of the will has adduced evidence at the hearing in the superior court for the purpose of establishing that the omission from the will of the respondent grandchildren of the testator was intentional and not a result of accident or mistake. She now contends that this evidence is sufficient to meet the burden of proving by a fair preponderance of the evidence that the omission was intentional.

The executrix raises a preliminary question, whether the cause is properly before this court for determination in view of the conceded fact that the superior court made no findings of fact based on the evidence presented to it at the hearing below. In short, she asserts that, absent such findings of fact, this court cannot properly determine the issue of whether the testator intentionally omitted respondents from his will.

It is important to note, however, that both parties have treated the instant cause as a bill calling for the construction of a will, and it is settled in this state that when a bill is brought for the construction of a will under the provisions of §9-24-28, nothing in the statute requires that the superior court make findings of fact. *Kershaw* v. *Kershaw,* 84 R. I. 429, 432; *Horton* v. *Horton,* 46 R. I. 492, 495. That

there is sound reason for this rule is indicated by the statement of this court in *Restino* v. *Tafuri,* 43 R. I. 156, 159. There we said that certain causes that may be certified by the superior court to this court without a prior determination of facts by the superior court include "bills in equity for the construction of wills or trust deeds or instructions relative thereto which rarely involve questions of fact and then of the most formal character * * * ."

There is also, in our opinion, another sound reason for hearing and determining this cause even though no findings of fact were made by the superior court. We rest this view upon our conclusion that there is no real conflict in the testimony adduced on the issue under consideration, that is, whether the testator intentionally omitted respondents from his will. This court has said on a number of occasions that where the evidence adduced on the issue of the intentional omission of a child from his will is undisputed, the question of whether the trial justice should have made findings of fact thereon prior to certification is not before this court. *Havens* v. *Havens,* 61 R. I. 356; *Lindsley* v. *Lindsley, supra.*

Nowhere in the record is there any evidence that the testator expressly stated an intention to withhold from respondents a share in his estate. The evidence adduced for the purpose of establishing such an intention was through the executrix, who testified that after the death of her child in 1937 the testator gave her a sealed envelope containing the will now under consideration. He told her at that time that this was his will and that he wanted her to keep it. She testified further that on several occasions over the years of their married life he had told her that everything he had was hers. She conceded, however, that at no time did he mention his will in connection with this statement of a desire that she have all he possessed. She conceded further that at no time had he ever discussed

his intentions concerning his grandchildren in connection with the will that he had given into her custody.

There is also evidence adduced through the testimony of the testator's legal secretary to the effect that he never acknowledged having executed a will and that he had made statements to her of his intention to provide for his wife and his grandchildren. Another witness, an aunt of the testator, also testified that he had told her of his desire to remember his grandchildren in a will.

It is clear from the record that none of the testimony to which we here advert was contradicted and clearly must be considered as constituting undisputed evidence of statements and doings of the testator bearing directly upon the issue of whether the omission of his grandchildren was intentional. This court will in appropriate circumstances draw its own inferences from undisputed testimony. *Penza v. Equitable Fire & Marine Ins. Co.,* 87 R. I. 26. When the evidence to which we refer is taken as a whole, it is clearly susceptible of contrary inferences. However, in our opinion, it is entirely reasonable to infer therefrom that the testator did intend to make some provision for his grandchildren and that his failure to do so either in his will by way of codicil or by the execution of a new testamentary document was a result of accident or mistake.

In the circumstances it is our conclusion that the executrix has failed to sustain the burden of proof imposed upon her to rebut the presumption raised by the statute. Therefore, it is our opinion that pursuant to the terms of the statute the respondents shall take the same share of the testator's estate as they would have been entitled to if the testator had died intestate.

The parties may by February 10, 1967 present for our approval a form of decree to be entered by the superior court in accordance with this opinion.

*Deeb G. Sarkas,* for complainant.

*John F. Cuzzone, Jr.,* for respondent.