The history of this litigation is written in 107 N.J. Eq. 240
and 108 N.J. Eq. 199. Now it turns out that the deeds purporting to release the easement, over which there has been so much fuss, were unnecessary; that the easement is not and was not an encumbrance at the making of the contract, and was not a valid objection to the title at the final hearing, although both parties assumed that it was an encumbrance and that it had been released. Upon the motion to be relieved, upon the assumption that the easement was an encumbrance and upon a finding that it had not been released, it was ruled that the defendant be relieved of the decree that he perform his contract of purchase. That ruling must be reversed.
The reservation by the Weequahic Land Company, which had subdivided its tract into lots, of the right to maintain *Page 623 
a pole on the rear of the lot of the complainants, upon which to sustain telephone and electric light wires, intended to be made in all deeds but omitted from many, was not a neighborhood scheme, but a plan of the company to keep its streets free of poles by licensing public utilities to use the private right of way. The reservation lacks the necessary elements to constitute a neighborhood scheme as laid down by our court of errors and appeals in Scull v. Eilenberg, 94 N.J. Eq. 759, andJennings v. Baroff, 104 N.J. Eq. 132. It imposes a burden but assures no corresponding benefit; public utilities may use it by license or use the streets by right, and if, otherwise, it could be regarded as a restrictive covenant, it is neither universal nor reciprocal.
The right of way intended to be established by the reservation of the right to erect a pole on the rear of each lot and to string wires thereon, did not appertain to lot ownership, albeit, that the use may have incidentally served to make the tract more attractive for the sale of lots. The easement was not appurtenant to lots conveyed by nor to any remaining in the company; nor was it, as a right of way, appurtenant to the franchise of the company, for it had not the franchise of a public utility (seeMitchell v. D'Olier, 68 N.J. Law 375; Northeastern T. T.Co. v. Hepburn, 73 N.J. Eq. 657), but was purely personal to the company, an easement in gross that died with the company when it dissolved in 1920, after having sold off all its lots. "An easement in gross is a mere personal interest in the real estate of another and is not assignable or inheritable. Chancellor Kent, in speaking of such an easement, says: `It dies with the person, and it is so exclusively personal that the owner of the right cannot take another person in company with him.' * * * Though an easement, like a right of way, may be created by grant in gross, as it is called, or attached to the person of the grantee, this is never presumed when it can fairly be construed to be appurtenant to some other estate; and, if it is in gross, it cannot extend beyond the life of the grantee. Nor can it be granted over, being attached to the person of the grantee alone."Caldwalader v. Bailey, 17 R.I. 495. The writer of the text in19 C.J. 868, speaking of easements in *Page 624 
gross, says: "The principal distinction between an easement proper, that is an easement appurtenant, and a right in gross is found in the fact that in the first there is and in the second there is not a dominant tenement. According to the weight of authority an easement in gross cannot extend beyond the life of the grantee; unlike easements appurtenant, an easement in gross cannot ordinarily be assigned or transmitted by descent, thus, among other easements, a right of way which has neither of its termini on the premises of the owner and is not appurtenant to any estate is called a right of way in gross; it is a mere personal right and is neither assignable nor inheritable, nor can it be made so by any terms in the grant." In Seymour v. Lewis,13 N.J. Eq. 439, Chancellor Green stated that: "Easements are not rights distinct from the title of the land. They are imposed upon corporeal property for the benefit of corporeal property. To constitute an easement, there must be two distinct tenements, the dominant, to which the right belongs, and the servient, upon which the obligation is imposed." In Mitchell v. D'Olier,supra, Mr. Justice Pitney, speaking for the court of errors and appeals, observed that: "In the courts of England it seems to be established that a private easement can only be held as appurtenant to a dominant tenement, and that an easement granted to an individual in gross amounts to no more than a personal license, so that, although the grant be accompanied by words of inheritance, the privilege conferred inures only to the personal benefit of the grantee, and dies with him."
The defendant pleads that he should not at this late day be held to his contract because since he purchased, the value of the property has seriously depreciated, due to the present depression. That might have an appeal were it not that the defendant is the one responsible for the delay. He set up the invalid defense of encumbrance of the easement that has given so much trouble and unduly prolonged the litigation, and it doesn't lie in him to protest that the complainants, rather than he, should suffer the consequences.
The motion to be relieved of complying with the decree of specific performance is denied.
 *Page 1