LeRoy V. Bell *vs.* Samuel Bomes *et al.*

FEBRUARY 2, 1951.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity to enjoin respondents from obstructing a driveway on their land over which complainant claims an easement of way by prescription at common law. The cause was heard in the superior court on bill, answer and proof and thereafter the bill was denied and dismissed on the ground that the complainant had failed to prove the material allegations therein.

The complainant has appealed to this court substantially on the grounds that the decree of the superior court is contrary to the law and the evidence. Those are the only points which he has briefed and argued and they are confined solely to his claim of an easement. His bill of complaint, which was unchallenged either for indefiniteness or uncertainty, also alleged title by adverse possession and that the driveway was a public way. However, he testified in the superior court that he was claiming only an easement appurtenant to his premises and his counsel expressly stated

in this court that such was his sole claim; hence no other will be considered here.

The evidence discloses the following facts. Complainant and respondents respectively own adjoining lots, numbered 429 and 482A on assessors' plat C, situated on the southerly side of Narragansett avenue in the town of Narragansett. Lot No. 482A which is vacant is easterly of lot No. 429. There is a diner on the latter lot. A driveway extends across the lot in front of the diner and over a small portion of the northwest corner of lot No. 482A to a cut in the curbing on Narragansett avenue. Complainant has held lot No. 429 since February 1929, first as lessee for a term of years, later as a tenant from month to month, and finally as the owner thereof in fee simple.

George E. Wood originally leased the lot in February 1929 to James J. Carbo for a term of three years. The lot was vacant at that time. On February 13, 1929 Carbo assigned his lease to the complainant. The lease did not refer to a driveway over lot No. 482A nor is there any evidence that the landlord ever claimed an easement of way over that lot. In March 1929 complainant commenced the construction of a diner on his lot and he testified that in the course of construction vehicles used the curb cut on lot No. 482A to enter the driveway. Such use continued until the diner was opened for business on May 26, 1929. Thereafter it was used continuously by patrons of the diner and by others having business to transact there.

The complainant testified that he had openly maintained the driveway and kept it passable for vehicles by laying down gravel thereon from time to time without asking permission to do so from anyone. After his lease expired complainant continued to occupy the lot as a tenant from month to month until May 3, 1944 when he became the owner in fee simple by warranty deed from Elizabeth B. Wood, widow of George E. Wood. There is no mention in that deed of any driveway or right of way

over adjoining lot No. 482A, and it does not appear from the evidence that the grantor or her ancestor in title ever claimed such an easement. In fact she was one of the heirs of Peleg Brown who died seized of that lot.

On July 22, 1946 those heirs conveyed lot No. 482A to one Cushing who in turn on the same day conveyed it to the respondents. There is no evidence that such heirs made that conveyance subject to any easement of way in favor of lot No. 429. On the contrary it appears that upon acquiring title to lot No. 482A respondents claimed it was not so encumbered and objected to the continued use of the alleged easement by the complainant. Finally in March 1949 they took positive action to prevent it by erecting posts at the entrance to the driveway on their lot.

Complainant brought the instant suit to enjoin respondents from continuing such obstruction. He bases his right to an injunction on the ground that the above facts clearly establish his right to an easement of way appurtenant to lot No. 429 by prescription. He recognizes that the prescriptive period for such easement at common law is twenty years and he claims adverse user of respondents' lot for that period by tacking together such user by him as a tenant of lot No. 429 from February 1929 to May 3, 1944 and as the owner in fee simple from the latter date to March 1949 when respondents obstructed the way. He concedes that he is unable to find any authority in this state which supports his position but cites a case from Connecticut, *Missionary Society of the Diocese of Conn.* v. *Coutu,* 134 Conn. 576, as directly in point.

We have examined that case. It is clearly not in point and lends no support to complainant's contention. In that case the adverse user throughout the prescriptive period was by a local agent of a corporation which was seized in fee of the dominant tenement. The owner of the servient tenement tried to show that the occupant of the dominant tenement was a mere tenant but the court rejected that

contention. Had the court agreed that the party occupying the dominant tenement was a tenant and not the agent of the corporation it appears from its opinion that it would have been bound to find for the respondent on the ground that adverse user by a tenant without more does not redound to the benefit of the holder of the seisin, it having so held in *Deregibus* v. *Silberman Furniture Co.,* 121 Conn. 633. The court expressly stated that the latter case was not in point.

Singularly, the facts in that case closely resemble those in the instant case. Deregibus, the owner of the alleged dominant tenement there, like the complainant here, relied upon evidence of adverse user partly by himself as tenant and partly as owner of the fee. Having found that there was adverse user for the required period the Connecticut court said that the fundamental question to be determined was: "Has the adverse use of this way by the plaintiff, from June 1st, 1913, to April 25th, 1922, as tenant, and from the latter date to 1934 as owner of the fee, created an easement of way by prescription appurtenant to his property?" The court held that the adverse user by the tenant could not inure to the owner of the fee unless the lease covered the alleged right of way, which it did not; and since his adverse user as owner fell short of the time required the court further held that no easement was created.

The law is settled that if the tenant occupies land not under lease but as a trespasser the trespass with its penalties or compensations, if any, are his and not the landlord's; and since the landlord cannot be held liable he likewise cannot claim the benefit of the trespass. *Capps* v. *Merrifield,* 227 Mich. 194. In the absence of any reference in the lease of an alleged dominant tenement to a right of way over an alleged servient tenement, adverse user of such a way by the lessee however long continued is of no effect in the creation of an easement by prescription, because "prescription in a *que estate* must always be laid in

the person who is seized in a fee simple." *Perley* v. *Hilton,* 55 N. H. 444, 447.

Applying these principles to the facts in the case at bar, it is obvious that from February 1929 until May 3, 1944 any adverse user of respondents' land by complainant was solely that of a tenant and did not redound to the benefit of the owner of the fee. In other words, complainant not holding the *seisin* during that period but being merely in *possession* there was no dominant tenement in fee to which his adverse user could attach. Consequently Elizabeth B. Wood had no inchoate easement by virtue of such user when on May 3, 1944 she conveyed the fee to him. Nor does her deed make any reference thereto.

In these circumstances complainant's period of adverse user capable of ultimately creating an easement did not begin to run until he became seized of the fee on May 3, 1944. From that date until March 1949 is only about five years, a period of adverse user far short of the twenty years required at common law and even the ten years prescribed by statute. General laws 1938, chapter 438, §2. On this view of the evidence and the applicable law the superior court did not err in holding that complainant had failed to prove the material allegations of his bill of complaint.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William H. Leslie, Jr.,* for complainant.

*Henshaw, Lindemuth & Siegl, Daniel S. T. Hinman,* for respondents.