30 N.J. Super. 26 (1954)
103 A.2d 171
BLANCHE M. COGGINS AND JOHN COGGINS, PLAINTIFFS,
v.
HELEN S. SHILLING, CHARLES F. SHILLING AND FRANCIS WEST, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 19, 1954.
*28 Mr. Harry M. Tonkin, attorney for plaintiffs.
Mr. Robert K. Bell, attorney for defendants.
HANEMAN, J.S.C.
Plaintiffs herein seek to establish an easement of way by prescription.
The facts in connection herewith are as follows: Plaintiffs are the owners of premises known as Colonial Hotel, 831 Atlantic Avenue, Ocean City, New Jersey. Adjoining and adjacent on the westerly side of the premises of the plaintiffs is a vacant tract of land currently used as a parking lot, owned by the defendants Helen S. Shilling and Charles F. Shilling and rented to and operated by defendant Francis West.
On February 19, 1926 the then owners of the premises now owned by the plaintiffs, conveyed the same to Moore & Slade, a corporation. On February 28, 1928 the said Moore & Slade, a corporation, made, executed and delivered a mortgage to the Woodbury Trust Company, which was foreclosed by said Woodbury Trust Company, to the end that on June 7, 1934 the said Woodbury Trust Company purchased said premises at a sheriff's sale. On May 1, 1945 the said Woodbury Trust Company conveyed said premises to the plaintiffs.
From some time in the year 1926 until 1944 the successive owners rented the Colonial Hotel to one Harry P. Cobb. Said Harry P. Cobb continued in possession of said hotel by virtue of said lease until the conveyance to the plaintiffs by the Woodbury Trust Company, above referred to. There is no proof that Harry P. Cobb ever had a written lease. The lands demised to the tenant were those described in the deed from the Woodbury Trust Company to the plaintiffs. The contract of leasing did not make any provision for a right of way over the lands of the defendants.
*29 The plaintiffs contend that as a result of the use of a way over the lands of the defendants by tradesmen, trash collectors, garbage collectors, coal men, and guests of the hotel for access to the hotel, both from Ninth Street and from the beach, for upwards of 20 years, they have an easement of way over said defendants' lands.
In the light of the conclusion hereinafter arrived at, it will not be necessary to analyze the attempt to establish such adverse user, except as hereafter set forth.
In order for the plaintiffs to succeed they must establish a user by the owner of the dominant estate that is adverse, hostile, continuous, uninterrupted, visible and notorious. Plaza v. Flak, 7 N.J. 215 (1951).
The plaintiffs are attempting to establish an easement appurtenant to the lands now owned by them. It is essential for the establishment of such an easement that there be both a dominant as well as a servient tenement. Such an easement attaches to and belongs with some greater or superior right. It must be attached to a dominant estate and can be attached only by unity of title in the same person of both the dominant estate and the easement claimed. 1 Thompson on Real Property, p. 514; Welitoff v. Kohl, 105 N.J. Eq. 181 (E. & A. 1929); Mitchell v. D'Olier, 68 N.J.L. 375 (E. & A. 1902); Joachim v. Belfus, 108 N.J. Eq. 622 (Ch. 1931).
Any use here made from the year 1926 to May 1, 1945 was a use by the holder of the leasehold interest and not the owner of the estate in fee simple. In order to succeed the plaintiffs must contend that the use of way was appurtenant to the fee. Generally, the use by the tenant of the owner of the dominant estate is not that of the lessor, absent an inclusion of a right of way over the lands of the servient estate in the lease.
In Capps v. Merrifield, 227 Mich. 194, 198 N.W. 918 (Sup. Ct. 1924), the court said as follows:
"If the tenant possesses land as tenant, his possession inures to the benefit of the landlord. But if he occupies it, not under the lease, but as a trespasser upon the land of a stranger, the trespass *30 is his, and the penalties and compensations, if any, of the trespass are his also. We think of no principle by which the landlord might be held liable for such unauthorized trespass of his tenant, and none by which he may claim benefit because of it."
The adverse user by a tenant can generally not enure to the benefit of a landlord where the lease does not expressly include the land in question, although such result might attain if the landlord knew the tenant was occupying it and assented thereto or there were other circumstances justifying the implication that it was occupied under and by virtue of the lease. Deregibus v. Silberman Furniture Co., Inc., 121 Conn. 633, 186 A. 553 (Sup. Ct. Err. 1936); Abatiell v. Morse, 115 Vt. 254, 56 A.2d 464 (Sup. Ct. 1948); Bell v. Bomes, 78 R.I. 37, 78 A.2d 362 (Sup. Ct. 1951).
Singularly, the facts in Deregibus v. Silberman Furniture Co., Inc., supra, and Bell v. Bomes, supra, closely resemble those in the instant case.
I find as a fact that in the year 1937 the then owner of the defendants' lands remonstrated with the agent of the Woodbury Trust Company to the use being made by the tenant of the latter of the lands of the former. As a result, the then owner of the defendants' lands granted to the Woodbury Trust Company and its tenant the right to use the lands of the former for one year, with the agreement that at the expiration of that term the tenant of the Woodbury Trust Company would make other arrangements for access to the hotel. This demonstrated not only that the owner of the dominant estate (Woodbury Trust Company) was then not making any adverse claim to a right of way over the servient estate (the lands of the defendants) in 1937, but that actually it obtained affirmative permission to use defendants' lands for such access. It was either an admission by the owner of the fee that it claimed no adverse rights over the servient estate, or an abandonment of any alleged adverse use. Even though it were conceded, for the sake of argument, that the plaintiffs' use had ripened into an easement by prescription in 1937, such easement was *31 abandoned by the active recognition of the superior title of the defendants' predecessors in that year.
The presumption of an adverse user during the year 1937 was overcome by the proof of the permission asked and granted for such use in that year. Although a permissive user cannot ripen into an easement, continued use of a right of way after the termination of the permissive use becomes adverse if such use be accompanied by indicia of adverse claim. The time required for the easement of way by prescription, from termination of the permissive use in 1937, is far from that required to establish plaintiffs' rights. Kiernan v. Kara, 7 N.J. Super. 600 (Ch. Div. 1950).
It is here held that any user by the tenant from 1926 to 1945 was without the knowledge of the owner of the dominant estate and that there were no facts or circumstances present which would justify an implication that the use was by virtue of the lease. In addition, and in any event, the user could not be reckoned from a date more remote than 1937.
Judgment will be entered for the defendants accordingly.