Irene E. Chappell, *Adm'x vs.* Odd Fellows' Home, Incorporated, Grand Lodge of Rhode Island I.O.O.F. *et al.*

JUNE 6, 1957.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J.  This is a bill in equity brought by the administratrix of the estate of Sarah A. V. Watts, late of the town of East Providence, deceased, to recover the property Mrs. Watts had turned over to the Odd Fellows' Home upon her admission thereto.

The respondents filed a demurrer to the bill, the principal point of which was that complainant had an adequate remedy at law.  The bill alleged a trust.  The demurrer was overruled and was abandoned.  The respondents then filed an answer and by way of a cross bill alleged among other things that the decedent had made a promise that upon her admission to the Home, she would execute a will in favor of the Home and they asked appropriate relief.

After the hearing, the trial justice filed a rescript denying and dismissing the cross bill and ordering respondents to turn over the property to complainant.  From a decree entered in accordance with this decision respondents have appealed to this court.  They have, however, waived their reason of appeal with reference to the denial and dismissal of the cross bill.

The parties have not referred particularly to the reasons of appeal but have concentrated their arguments on the correctness of the decree based upon the law and the evidence.

Most of the facts were agreed upon although there was some oral and documentary evidence.  Mrs. Watts was contented at the Home, but about a year and a half after her admission she developed a mental condition.  She recovered from this but about six months later had a more serious attack, whereupon the Home called in two doctors upon whose certificates she was sent to the State Hospital for Mental Diseases "for observation" where she died about eight months later.  All her personal effects, except a few articles of clothing and the like which were sent with her, were kept at the Home and although her room, which was a double one, was given to a newly admitted couple there

was evidence that a room would have been available for her had she recovered sufficiently to return. At the instance of the Home, a guardian of her person and estate was appointed. Her guardian took no steps to withdraw Mrs. Watts from the Home or to recover her property before she died.

The complainant contends that in the application and according to the rules of the Home under which Mrs. Watts was admitted, there were four ways by which she could receive back the property transferred on her admission thereto, namely, (1) by withdrawing from the Home, (2) by withdrawing from the care and maintenance of the Home, (3) by being dismissed from the Home, and (4) by the board of trustees deciding that the best interests of the Home required that she leave.

The trial justice expressly found against complainant on the first three ways to recover Mrs. Watts' property. He stated: "After careful consideration we are of the opinion that Mrs. Watts did not withdraw from said Home nor the care and maintenance thereof; nor was she dismissed therefrom * * *." However, complainant attempted to show here that these findings were erroneous. In *Vaill* v. *McPhail*, 34 R. I. 361, which was decided a few years after the passage of the Court and Practice Act, this court held that under that act an appeal in equity does not transfer the whole case to this court but only the errors specifically set out in the reasons of appeal. The complainant here did not appeal.

The respondents' reasons of appeal do not attack the correctness of the findings of the trial justice. In *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.*, 58 R. I. 190, the jury returned a verdict for the plaintiff for $1. The plaintiff moved for a new trial and the motion was granted. The defendant prosecuted a bill of exceptions to this court. The plaintiff attempted to argue its exceptions to the refusal of the trial court to give the instructions it requested. This

court held that not having prosecuted a bill of exceptions the plaintiff could not ask the court to review the correctness of the instructions. This was a bill of exceptions but reasons of appeal are substantially the same as bills of exceptions and we cannot allow complainant here, who has not prosecuted an appeal, to attack these three findings.

The trial justice did not indicate on what factual or legal basis he granted the relief to complainant, but it is open to her to show that under the facts and the law he was justified in so doing, provided she does not attack the three findings above referred to.

In support of her contention with reference to the way numbered (4) of recovering Mrs. Watts' property complainant relies strongly upon the fact that the president of the trustees stated: "We had trouble about six months before, very similar to what we had this last time. That time we kept her in there because she seemed to snap out of it and recover. The next time she just went bad altogether. So we had her examined the second time." She also points out that the minutes of the board meeting read: "Brother Reed explained the duty which fell upon him during the week when Mrs. Sadie Watts had to be taken to the State Hospital at Howard for observation. The Trustees all voted to be in accord with Brother Reed in his action in this case." The phrase *for observation* certainly militates against complainant's position. She frankly admits that on the facts the question of whether Mrs. Watts was dismissed from the Home could easily be decided either way. Literally complainant is referring to the third finding of the trial justice, but we shall treat her argument along this line as an attempt to support her fourth contention, namely, that Mrs. Watts was removed from the Home for its best interests.

The testimony shows that it was the practice of the Home to provide residents with treatment at a hospital when it did not have the facilities to take care of them at the Home.

However, a careful examination of the papers discloses facts which are not referred to in either the briefs or the transcript and which alone furnish a sufficient basis for a finding by the trial justice that the board of trustees decided that the best interests of the Home required that Mrs. Watts leave it. The application for her admission to the State Hospital for Mental Diseases, exhibit 10, contains the following statements in the certificates of two doctors. One stated: "Patient badly disoriented as to time and place. Quarrels with other patients—agitated. Diagnosis—Senile Psychosis." The other doctor stated: "The person in charge of the home states that the patient has not been able to adjust socially to home environment. She is too noisy and overactive to be cared for at the home."

The trial justice gave respondents credit for Mrs. Watts' board at $10 per week. However, they argue for a more liberal reimbursement than said $10 but it is our opinion that they are bound by the rules of the Home.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

### On Motion for Reargument.

#### JULY 3, 1957.

Per Curiam. After our decision in the above case the respondents asked and received permission to file a motion for reargument. Pursuant to this permission they have filed such a motion, setting out therein certain reasons on which they base their contention that justice requires a reargument of the case. We have carefully considered all those reasons and we are of the opinion that they are without merit.

Motion denied.

*Ellis L. Yatman, Judah C. Semonoff,* for complainant.

*Hinckley, Allen, Salisbury & Parsons, Joseph H. Gainer, Jr.,* for respondents.