412 A.2d 228.

RICHARD GREENWOOD *et al. vs.* ROBERT RAHILL *et al.*

MARCH 11, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

DORIS, J.    This is an appeal from a judgment entered in the Superior Court in a civil action heard before a justice of that court sitting without a jury. The plaintiffs sought to enjoin the State Department of Transportation from continuing to discharge surface runoff water onto the plaintiffs' property through a highway culvert and drain. In an answer amended at trial without objection, the state admitted construction and maintenance of the drain but claimed the existence of a prescriptive easement giving it the right to continue directing surface runoff water onto the plaintiffs' property. The trial justice found that the state had acquired a prescriptive easement to discharge the surface runoff water onto the plaintiffs' property and dismissed the complaint. From a judgment thereafter entered, the plaintiffs have appealed.

The plaintiffs, Richard and Sandra Greenwood, alleged that a highway drainage pipe constructed and maintained by the state causes flooding of their property on Watch Hill Road in Westerly when it rains and that this flooding constitutes a continuing trespass. The plaintiffs sought an injunc-

tion against the state to cease the discharge and to divert the runoff water from their property and also sought damages in the amount of $50,000.

At trial, Sandra Greenwood testified that the property now owned by plaintiffs was obtained by deed dated July 25, 1975, from her parents who had owned the property since sometime in the 1950s. She stated that prior to taking title, plaintiffs discovered a culvert and a ditch where curbing had been removed at the edge of the property. Sandra testified that, at the time, the culvert was covered with underbrush.

Sandra stated that upon discovery of the culvert, she called the Department of Transportation and was advised by a Richard Beretta that the property was a natural wetlands area and that consequently the state was entitled to continue to discharge the runoff surface water onto the property.

Mrs. Greenwood further testified that she then made an inquiry to the State Department of Natural Resources in respect to whether or not the property was a wetlands area and received a reply from the director of that department that the property was not wetlands.

The plaintiffs commenced construction of their home in October 1975, and the flowage of the surface water was altered slightly when a septic tank was installed during the construction.

Richard Beretta, chief of the drainage section of the Department of Transportation, testified without objection that the culvert in question was constructed n 1934, replacing an old culvert in an area where the contours of the road slope down in both directions toward the location of the culvert. The state introduced the 1934 contract plan for the reconstruction of Watch Hill Road, which plan showed the old culvert on the present site of the new one.

Beretta testified that originally he had thought the property was covered by the Wetlands Act but learned later that it was not. Both Beretta and Mrs. Greenwood testified that attempts by the parties to adjust the situation were unsuccessful.

The trial justice found that, before they acquired title, plaintiffs knew that the water was coming onto the property. He further found that the state had utilized the culvert from 1934 to 1975 in opposition to the rest of the world without any interference from anyone, including plaintiffs' predecessors in title, and that the state thereby acquired an easement by prescription. The trial justice accordingly denied plaintiffs' request for injunctive relief and dismissed the complaint.

On appeal, plaintiffs claim that the trial justice failed to set forth his findings of fact and conclusions of law in determining that the state had acquired an easement by prescription and that the state had failed to introduce sufficient evidence to sustain such a determination by the trial justice. They further argue that the course of the flowage was altered with the installation of the septic tank and that therefore the prescriptive period for the present flow of the water had not run.

What is at issue here is the right to dispose of surface water onto the property of another, rather than the right to actual possession. Such a right is an incorporeal hereditament, as distinguished from a corporeal hereditament, and what the state claims to have obtained is an easement by prescription. General Laws 1956 (1969 Reenactment) §34-7-1; *Carpenter v. Dos Santos*, 96 R.I. 334, 191 A.2d 282 (1963); *Foley v. Lyons*, 85 R.I. 86, 125 A.2d 247 (1956). It is generally held that an easement may be acquired by prescription to drain surface water collected upon the land of one person over the lands of an adjacent proprietor. 2 Thompson, *Real Property* §315 at 10 (1961). A right to the flowage of water and the disposal of waste in pipes or drains through lands of another may be acquired by prescription. 25 Am. Jur. 2d *Easements and Licenses*, §48 at 457-58 (1966); *see Annot.* "Easements by Prescription - Drains" 55 A.L.R.2d 1144 (1957).

In a recent case we have stated that:

"One who claims an easement by prescription must establish open, adverse and continuous use under a

claim of right by strict proof, that is, by clear and satisfactory evidence." *Jerry Brown Farm Ass'n* v. *Kenyon*, 119 R.I. 43, 51, 375 A.2d 964, 968 (1977).

No particular act to establish an intention to claim ownership is required. It is sufficient if one goes upon the land openly and uses it adversely to the true owner, the owner being chargeable with knowledge of what is done openly on his land. *Sherman* v. *Goloskie*, 95 R.I. 457, 466, 188 A.2d 79, 83 (1963) (quoting *Marvel* v. *Barley Mill Road Homes, Inc.*, 34 Del. Ch. 417, 104 A.2d 908 (1954)).

Applying the above standards to the present case, the record indicates that the present culvert replaced an earlier one and has been regularly maintained by the state since 1934. The prescriptive period had long since run before the acquisition of the property by plaintiffs. There is no evidence of any objection ever having been made to the runoff surface water prior to the complaint by plaintiffs in 1975. Furthermore there is an admission in the complaint that the use complained of was not permissive.

The plaintiffs, however, state that the culvert and drain were covered by brush when discovered by them. It is clear, however, that this was only a temporary condition since as Mr. Beretta testified the state's routine maintenance program requires the periodic cleaning out of all culverts and basins. In any event, the discovery by plaintiffs was made long after the statutory prescriptive period had run. Once the state had acquired a prescriptive easement to drain the surface runoff water upon plaintiffs' land, no act of plaintiffs could divest the state of that right since such an easement conveys a good and rightful title forever. General Laws 1956 (1969 Reenactment) §34-7-1.

Here, the trial justice exercised his fact-finding power and determined that the state has sustained its burden of proving its claim by clear and convincing evidence. His findings of fact will be upheld unless they are clearly wrong or unless the trial justice has misconceived or overlooked material evidence. *Jerry Brown Farm Ass'n* v. *Kenyon, supra* at 52, 375

A.2d at 969. Our reading of the record convinces us that the trial justice was not clearly wrong nor has he overlooked or misconceived material evidence.

The plaintiffs have attempted on appeal to raise two constitutional questions, neither of which was raised before the trial justice. We have made it clear in the past that except in most unusual circumstances, we will not consider constitutional questions unless they have been properly submitted on the record before the trial justice allowing him the original opportunity to pass on them. *Dixon* v. *Royal Cab, Inc.*, 121 R.I. 110, 119, 396 A.2d 930, 935 (1979) (citing *Town of Foster* v. *Lamphere*, 117 R.I. 541, 545, 368 A.2d 1238, 1240 (1977)). Since the plaintiffs did not first raise their constitutional claims properly in the court below, we will not review them here.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Natale L. Urso,* for plaintiffs.

*Stephen F. Mullen,* Chief Special Counsel, Office of Special Counsel, Department of Transportation, for defendants.