[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was tried on plaintiff's prayer for the establishment of an easement by prescription over the southerly portion of the defendant's land, located in Providence, Rhode Island, some 110 feet in length from Benefit Street and six to eight feet in width northerly of the southern boundary of defendant's land, which is the northerly boundary of plaintiff's land.
The trial of said matter established the following: Plaintiff owns a somewhat triangular shaped parcel of property on the East Side of Providence. The easterly boundary along Benefit Street is approximately 53 feet, the northerly boundary abutting the parcel owned by the defendant is approximately 116 feet, and the southwesterly and southerly sides border another parcel owned by third person not a party in this matter, said parcel is identified as 384-386 Benefit Street.
There is a four unit apartment building on plaintiff's property.
The apartment building is also triangular in shape and oriented in the same manner as the parcel upon which it is located.
Defendant's property lies to the north of plaintiff's property, is rectangular in shape, is also located on the westerly side of Benefit Street, and there is a seven unit apartment building on her property which has an address of 378-82 Benefit Street.
The two properties share a common boundary line which runs from Benefit Street to the rear of each property.
The common boundary line on the southerly side of defendant's property and the northerly side of plaintiff's property, is approximately 116 feet in length.
Plaintiff's property has been in her family since May 20, 1964 when her father, Antonio Manna, purchased it. It has been continuously rented to tenants since then.
Plaintiff became the owner of the property on December 26, 1970 when her father conveyed it to her.
There is an open area lying directly between the buildings (378-82 Benefit Street and 384-86 Benefit Street) that is approximately 24 feet in width and 60 feet in length. This area is divided by the common boundary line. There is approximately twelve feet of open space on each side of the common boundary line and the side of each building. The entire "open area" is paved with asphalt, except that the plaintiff's building has a concrete pad extending out several feet along and parallel to the foundation of her building with a set of concrete stairs leading to the rear of her property, and defendant's building has a small porch and set of stairs which also extends out several feet from the front portion of her building. Otherwise, the entire area is paved with asphalt. Because of the concrete stairs it is physically impossible for a person to pass an automobile along the twelve foot of space, on the plaintiff's property north of the building to gain access and egress to the area behind the building.
There are parking areas on plaintiff's parcel and on defendant's parcel located in the rear of each building, which parking areas are beyond the 60 foot area in question.
Plaintiff's rear parking area has room for three to four cars, if parked side by side, depending on the size of the vehicle.
Defendant's rear parking area has room for seven to eight vehicles, if parked side by side, depending on size.
Plaintiff also has a parking area located on the side of her building, where two to three vehicles, if parked front to rear, depending on size, can park. This parking area is located on plaintiff's portion of the open area between the two buildings.
There is a driveable area for vehicles which runs along the entire length of the common boundary line, on defendant's property.
Along the portion of the boundary line lying between the two buildings (approximately 60 feet in length), the driveable area extends nine feet into defendant's property; along the portion of the boundary line lying between the two rear parking areas (approximately 56 feet in length), the driveway is slightly wider and extends 14 feet into defendant's property.
The driveway begins at the edge of Benefit Street and the entrance to the driveway is marked by a break in the curbing of Benefit Street with granite elbows on either side of the "cut" in the curbing, which has been there since at least 1964.
Due to the configuration of plaintiff's parcel, the location of her building, the location of plaintiff's side parking area, the limited "cut" in the Benefit Street curbing, and the concrete stairs, the driveable area starting in the curb cut provides the most feasible access to plaintiff's side and rear parking areas; it is more facile for a vehicle to park in plaintiff's property alongside the building and the only way for a vehicle to have access and egress to the rear parking area.
Plaintiff's father, plaintiff's son, Stephen Giacobbi, and plaintiff herself have used this area on defendant's property continuously from at least May 20, 1964 to October 1993 to gain access to the side and rear parking area on plaintiff's property. Their "use" consisted of driving automobiles over defendant's property to enter and exit plaintiff's side and rear parking areas.
In October 1993, defendant erected a chain link fence along the entire length of the common boundary line, blocking access to the side and rear parking areas of plaintiff's property over the driveable area on defendant's property.
From May 20, 1964 to October 1993, plaintiff, plaintiff's father, and plaintiff's son continuously performed limited maintenance on defendant's portion of the area including: sweeping and snow removal.
From May 20, 1964 to October 1993, plaintiff never had verbal or written permission from defendant to utilize the portion of defendant's property, which constituted a driveway as access to the parking areas. Neither was any such verbal or written permission ever given or otherwise communicated by defendant's agents, representative or predecessors in interest to plaintiff or any of plaintiff's agents, representatives, tenants or predecessors in interest.
Plaintiff and her father gave their tenants express permission to park their vehicles in the side and rear parking areas, and this was an express term of the rental agreement between them.
Plaintiff and her father knew of their tenants' use of defendant's property (i.e. the driveway) to gain access to the side and rear parking areas.
From the above facts, the Court hereby concludes plaintiff has established an easement by prescription over the driveway portion of defendant's property. She and her predecessor in title have each met the four requirements to establish such a claim.
a.) open
b.) continuous (more than 10 years)
c.) adverse
d.) under claim of right.
There is no dispute that plaintiff has established open and continuous use. The only issue in this case is whether the Giacobbi's use was "adverse" and under "claim of right." InGreenwood v. Rahill, 412 A.2d 228 (R.I. 1980) the Court said:
 "No particular act to establish an intention to claim ownership is required. It is sufficient if one goes upon the land openly and uses it adversely to the true owner, the owner being chargeable with knowledge of what is done openly on his property." Id. at 230. [emphasis added.]
Here, the plaintiff did exactly that: she and her tenants and family openly used defendant's property, without any permission, to gain access to their parking areas on the side and in the rear of plaintiff's building. This went on for nearly 30 years, without any interruption or intervention from defendant. Defendant admitted she knew plaintiff and her tenants used her driveway, and she further admitted that she did nothing about it, except in her own mind, i.e. she impliedly permitted them to use the area.
Plaintiff's tenants also established plaintiff's prescriptive easement. The use of defendant's property by plaintiff's tenants was with plaintiff's implied, if not express, permission. At the very least, plaintiff knew of her tenant's use of defendant's property and approved of it. In Jerry Brown Farm Assoc. v.Kenyon, 119 R.I. 43 (1977), the Court said that when use of another's property is an implied term of a tenancy, the tenants use of the property can be employed as evidence in establishing a prescriptive easement.
In Kenyon, the Court also placed particular emphasis on the claimants' tenants' testimony that use of the disputed driveway "was the only access he had" to the leased property. Id. at 51. That is precisely the testimony of plaintiff's tenants in this case: using defendant's driveway was the only way to get to rear parking areas.
The plaintiff has established an easement by prescription over the defendant's southerly boundary equidistant with the curb "cut" on Benefit Street and extending the length of the southerly boundary sufficient to gain access and egress for vehicles to park in the rear of and also to park parallel to plaintiff's building on her premises.
The defendant will cause to have the poles, previously erected, to be removed and return the paved way where the poles were inserted to be returned to a reasonably similar state. The cost of the fence, the cost of removal of the fence, and the restoring shall be borne equally by the plaintiff and defendant, all carried out at the direction of the parties' counsels.
A judgment is to be presented by plaintiff's counsel.