GEORGE W. CARPENTER, JR., *et al. vs.*
TOME DOS SANTOS *et ux.*

JUNE 3, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

Powers, J. This is a bill in equity filed by certain complainants seeking to have them declared co-owners of an easement of way across a portion of the respondents' land. It was heard on amended bill, answer, and proof by a superior court justice. At the conclusion of the complainants' case, the respondents moved that the bill be denied and dismissed. This motion was granted, except as to the complainant Ethel G. Doxey, hereinafter referred to as the complainant. Thereafter a final decree was entered granting the prayer of the complainant Doxey for an injunction restraining the respondents from interfering with her use of the way and awarding her damages in the sum of $100. It is from this decree that the respondents have perfected their appeal to this court.

It appears from the record that complainant purchased her property in 1941 and has lived there ever since. The roadway in question was well defined when she moved there, being in the same position it was at the time the instant proceedings were commenced. She testified that she has used the roadway continuously since 1941 under a claim of right, except for some nine months when the road was blocked by a pile of dirt placed upon it by respondents

shortly after they had purchased the property in 1958 and through which the roadway runs.

Complainant Doxey testified that during this nine-month period she was put to great inconvenience as a result of such interference and forced to drive an estimated additional one-half mile each time she left or returned to her home.

It further appears that prior to the blocking of the roadway as aforesaid, respondents had first attempted to prevent complainant's use thereof by parking their car across it, which, however, they moved when ordered by complainant's husband to do so. Still later, respondents placed a cable across the road which, in the midst of altercation between the parties, complainant's son removed with the help of an acetylene torch.

Respondent Tome Dos Santos testified that when he and his wife purchased their property there were two signs thereon which, presumably referring to the roadway, read: "Private property, pass at your own risk." He added that he posted an additional sign, but admitted that on the occasion when the cable was burned complainant Doxey informed him it was her right of way. He added that there was no further conversation between them.

Mrs. Hilda O. Sandstrom, a neighbor of the parties, testified for respondents that prior to the hurricane of 1954 a sign posted on an apple tree read "Private way"; that the tree was blown down during the hurricane; and that no one ever bothered to replace the sign. There is no evidence as to when this sign was originally posted.

The trial justice found as a fact that complainant had been using the roadway for a period in excess of ten years openly, peacefully, and under a claim of right. Stating that the proof thereof must be clear, decisive and conclusive, he observed that in the cause before him such proof was virtually uncontradicted.

His implied reservation was to the evidence concerning the signs posted on the property, the existence of which had been testified to by respondent Tome Dos Santos and his witness. Prescinding from whatever legal significance the signs in question might have, he properly observed that there was no evidence whatsoever as to any posting of them through a ten-year prescriptive period commencing with the purchase of her property by complainant in 1941.

No principle of law is better settled in this jurisdiction than that the findings of the trial justice sitting in equity will not be disturbed unless clearly wrong. *Billinge* v. *Read,* R. I., 155 Atl. 665, and *Edwards* v. *Miller,* R. I., 131 Atl. 554. However, we have heretofore held in *Matteson* v. *Wm. S. Sweet & Son, Inc.,* 58 R. I. 411, that where the evidence is uncontradicted this court is in as good a position as was the trial justice to draw inferences therefrom. Out of an abundance of caution for the rights of these respondents we have carefully reviewed the transcript and exhibits and are constrained to conclude that the findings of the trial justice in the instant cause were not erroneous.

Applying the rule as laid down by this court in *Foley* v. *Lyons,* 85 R. I. 86, wherein it was held that on a showing by clear and positive evidence that the complainants under a claim of right had used a driveway openly, adversely, and continuously for more than twenty years, they had acquired an easement by prescription, the trial justice rendered a decision for complainant. Pursuant thereto a decree was entered, the pertinent provisions of which are as follows:

"2. Complainant, Ethel Gertrude Doxy [Doxey], the owner of that certain real estate situated in the City of East Providence, Rhode Island, which real estate is described in paragraph 'Second' of said Bill of Complaint, has sustained the burden of proof and has established by clear and satisfactory evidence that for the required statutory ten year period she used the roadway, which is well defined, over a portion of the Respondents real estate which is described in the 'Fifth'

paragraph of the Bill of Complaint and that said use was open, adverse and continuous under a claim of right and that because of said use said Complainant, Ethel Gertrude Doxy [Doxey], has acquired by prescription and now possesses an easement of right of way to use said way or roadway over said Respondents said land for passage by foot and by vehicle to and from her said real estate and Forbes Street in said East Providence for herself, her family, invitees and tradesmen.

"3. Respondents Tome Dos Santos and Theresa Dos Santos are hereby permanently enjoined and restrained from in any way whatsoever interfering with, interrupting or blocking the free and full use of said roadway by Complainant, Ethel Gertrude Doxy [Doxey], her family, invitees and tradesmen as a means of access and egress from the said property of said Complainant to said Forbes St.

"4. Said easement of right of way is appurtenant to said real estate of said Complainant, Ethel Gertrude Doxy [Doxey], and is for the benefit of her and her successors in title.

"5. Damages against said Respondents for blocking said easement of way are assessed in the sum of One Hundred ($100.00) Dollars."

As their reasons of appeal respondents have assigned the usual assertions of error, namely, that the decree is against the law, against the evidence, and against the law, the evidence and the weight thereof. The thrust of their contention is that the trial justice misconceived the nature of complainant's prayer for relief. They argue that the original complainants were attempting to establish an easement in the public and that there is a total lack of convincing evidence to warrant such finding. This contention, however, overlooks complainant's allegation in her amended bill of complaint that she had been using said way openly, adversely, and continuously for more than the statutory period of ten years. On a proper finding by the trial justice that such allegation had been proven, complainant was entitled to the decision embodied in the decree that she "has

acquired by prescription and now possesses an easement of right of way to use said way or roadway over said Respondents said land * * *."

While it is also true that the amended bill alleges that the public had acquired an easement by their continuous use of the roadway in question for over fifty years and the evidence in support of such allegation was not clear and positive, respondents take nothing thereby since complainant did convincingly establish an easement in herself by open, adverse, and continuous use under a claim of right for more than ten years.

We are, however, constrained to agree with the respondents that there was no competent evidence on which the trial justice could award monetary damages for their interference with complainant's use for some nine months. The only evidence bearing on this claim was the complainant's testimony that she was required to drive some one-half mile further each time she entered or left her property. On the basis of this testimony the trial justice, referring to the operating costs of her motor vehicle, arbitrarily assessed damages in the sum of $100, which assessment is included in the decree. In our judgment this award was improper and the decree should be modified accordingly.

The respondents' appeal is denied in part and sustained in part, and the cause is remanded to the superior court with direction to modify the decree appealed from in accordance with this opinion and for further proceedings.

*James F. McCoy,* for complainants.

*Ralph Rotondo,* for respondents.